JUDGE COFER
delivered the opinion oe the court.
James Simpson devised one eighth of a tract of land, supposed to contain three hundred and fifty acres, to his daughter, Mrs. Catharine Revill, wife of E. S. Revill, for life, with remainder to her children. W. G, Simpson was also a devisee, and as such entitled to one eighth of the land, and he purchased from five other devisees their interest, thus becoming the owner of six eighths. He then, in conjunction with E. S. Revill and Sinclair B. Merrill, guardian of Gabriel R. Merrill, who owned one eighth of the land, filed his petition against Mrs. Revill for a sale of the whole tract, alleging that a sale would redound to the interest of the said Gabriel and Mrs. Revill. An amended petition was afterward filed, which reads as follows:
“ The plaintiff, Eldridge S. Revill, states, by way of amendment to his original petition herein, that he is the statutory guardian of Jas. E., Davie L., Juliett, I'm. G., Sinclair M., and Alvin D. Revill, who are infants of tender years; that said infants, bjr their guardian, join in the prayer of the original petition for the sale of the land mentioned therein. The plaintiff, E. S. Revill, guardian, etc., states that he believes that the sale of the land described in said petition will redound to the benefit of said infants. These infants are entitled to the remainder of the share of their mother, C. Revill, defendant herein.”
Mrs. Revill upon privy examination consented to a sale. There is no order in the record appointing commissioners to report the net value of the infants’ real and personal estate and the annual profits thereof, etc., but a report was filed of *561 > record by three persons who styled themselves commissioners. They reported that Mrs. Revill was entitled to a life estate in one eighth of the land, and that her children were entitled to the remainder therein; that they had no income; that their interest required a sale of the land; and that the land was worth $15 per acre; but did not report whether they had any other estate, real or personal. The record shows that November 19, 1853 — the report having been filed on the 15th of that month — a judgment was rendered for a sale of the land, but it failed to direct when or where the sale should be made. That judgment contains this clause: “It is ordered that no sale be made until the guardians execute bonds in the penalty of $2,000 each; the said E. S. Revill with R. Revill, his surety, and the said S. B. Merrill with B. K. Merrill and B. Steward.”
Then, apparently after the judgment was entered, but on the same day, appears the following order: “Came E. S. Revill with R. R. Revill, and acknowledged bond to Catharine Revill in the penalty of $2,000; also a like bond to Jas. E., David L., Juliett, S. M., W. G., and Alvin D. Revill in like penalty; which were approved by the court.” The bonds referred to are copied into the record and are in proper form.
The land was sold at a place some miles distant from the court-house, and the sale was reported to the court and confirmed, and the purchase-money has been paid and a deed made to the purchaser.
The question on this appeal is, whether the sale thus made was void.
It is contended, in the first place, that the infants were not parties to the suit.
They are not named in the caption of the original or amended petition as parties plaintiff or defendant, and it is argued that none but those so named were parties.
This court held, in a manuscript opinion, cited in Myers’s *562 notes to section 118 of the Civil Code (page 318) that a state- < ment in the body of a petition, which showed that an individual was a necessary party, did not make him a party, and that in order to make him a party his name must be in the style of the action at the head of the petition. The records of the court having been destroyed by fire since that decision was rendered, we are unable to ascertain what the nature of the action was, or whether the person held not to be a party was treated by the other parties and the court below as a party to the suit or not. But, however that may have been, Ave think subsequent published decisions show that the rule there announced is subject to some qualifications and exceptions.
One who presented his petition, asserting claim to property attached in the action, and asked to be made a party, and was treated by the other parties and the court as a party was held to be a party, although no pleading was filed or order made making him a party to the action. (Schwein v. Sims, 2 Met. 210.)
One for Avhose use and benefit, it is stated in the petition, the action is brought is virtually a party, and may, by an amended petition, assume the attitude of a plaintiff. (Fenwick v. Phillips, 3 Met. 87; Neely v. Merritt, 9 Bush, 346.)
In this case the infants were necessary parties, their names appeared in the body of the petition, and they were made to petition for a sale of their interest in the land, and the court recognized and treated them as parties. If their names had appeared in the caption, they Avould have been there merely as formal parties, speaking by and through their guardian, and, it seems to us, the mere omission of the clerical formality of writing their names at the head of the petition is an objection too unsubstantial to render the solemn judgment of a court a nullity. To haAm named them in the caption as parties would have been more regular; but they were named in the petition and their interest Avas disclosed, and, by their guardian, they *563 petitioned for the sale, and naming them at the head of the petition as parties plaintiff could in no way have contributed to the better protection of their interests.
To hold such judgments and sales void upon grounds so plainly immaterial would render titles acquired under the solemn judgments of courts so precarious that competition in bidding would be prevented, and the interests of infants would not be promoted, but injured.
We think the infants were parties, and are bound by the judgment so far as its effect depends on that question.
The failure of the commissioners to report whether the infants had any other estate besides the land, and if so, the net annual income therefrom, was an irregularity, but does not render the judgment void. (Lee v. Page, 12 Bush, 202.)
The judgment failing to designate the place where the sale should be made, the law required the commissioner to make it at the door of the court-house of the county in which the property was situated. (Sec. 6, art. 6, chap. 86, R. S.)
But the sale having been made and reported, the court had jurisdiction to decide whether it had been made according to law, and the confirmation of the report was a decision that the sale had been so made; and, however erroneous that decision may have been, the judgment of confirmation was not void. (Dawson v. Litsey, 10 Bush, 408.)
The order approving the guardian’s bond, although entered on the record after the judgment directing the land to be sold, was made on the same day. The law takes no note of a fraction of a day, and will, when necessary to uphold judicial proceedings, treat the orders of a single day as having been made in the order in which the law required them to be made. The record of the proceedings of a court do not become orders, in the legal sense of that term, until they are signed by the judge, and when he signs the record the whole of that day’s proceedings is thereby vitalized, and each order becomes oper *564 ative at the same moment. The order approving the bond is therefore as effectual as if it appeared on the record before the judgment or was incorporated in it.
The cases of Wyatt v. Mansfield (18 B. Monroe, 781) and Barber v. Hopewell (1 Met. 260) were unlike this. In those cases no bond was executed until after the sales were made.
The other objections urged by counsel to the validity of the judgment and sale do not affect the jurisdiction of the court.
The judgment of the chancellor conforms to the views herein expressed, and must be affirmed.