## Equitable Trust Company of Dover, Kentucky, Administrator, et al. v. Bays, Administrator, et al.

(Decided December 17, 1920.)

### Appeal from Greenup Circuit Court.

1. Executors and Administrators—Appointment, Qualification and Tenure.—Decedent died intestate in January, 1918; two terms

of the county court having been held after his decease and no one having applied for appointment as administrator under Ky. Stats., sec. 3896, the court was authorized under Ky. Stats. 3897, to appoint an administrator for the estate upon motion of a creditor.

2.  Courts—Minute Books.—Minute books are not intended as permanent court records but are solely for the purpose of keeping notes of the business that comes before the court or is transacted by it. Matters written therein are not entitled to the weight or verity of court orders duly signed.

3.  Courts—Speak Only By Orders—Signing By Judge.—Courts of record speak only by their orders duly entered and signed in a book provided for that purpose, and the records of the proceedings of the court do not become final or binding until they are signed by the judge.

4.  Courts—Appointment of Administrator.—An order appointing an administrator on the motion of a creditor entered on the order book through the mistake of the clerk is of no legal effect where this order not only was not signed, but the court refused to approve the bond and caused a notation to be made on the order book that same having been entered through a mistake it was stricken from the record, and in a subsequent order appointing another administrator and duly signed by the judge the facts are specifically set forth.

BRUCE & MILLER, W. T. COLE and A. D. COLE for appellants.

J. W. WOOD, J. B. BENNETT and WOODS & BRYSON for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

M. J. Ealey died intestate January 21, 1918, a resident of Greenup county. March 5th, at a special term of the county court the Equitable Trust Company of Dover, Mason county, Ky., was appointed administrator of the estate and executed bond as such. March 7th, a statement was filed by the widow of decedent, waiving her right to act as administratrix and requesting the court that her father be appointed in her stead, and this was done at a special term of the court on this date.

The Greenup county court meets on the first Monday of the month. In March, 1918, this fell on the fourth day. The order appointing appellant as administrator was not signed by the county judge, nor was its bond as such approved, but at the foot of said order, on the order book, appears this notation:

"The above order was entered through error on the part of the clerk and never was intended to be placed on the record as an order and is stricken out."

In the order of March 7, 1918, which is entered on the same page of the order book as the order of March 5th, it is recited:

"On this day Wm. H. Bays the father-in-law of M. J. Ealey, appeared in open court and filed waiver of Martha J. Ealey, *dec'd.*, dated March 4, 1918, waiving her right under the statute to be appointed administrator of the said M. J. Ealey's estate and moved the court to set aside the order made on the 5th day of March, 1918, appointing the Equitable Trust Co., of Dover, Ky., as administrator of the said M. J. Ealey's estate and to appoint him, the said Wm. H. Bays as administrator of the said estate of M. J. Ealey, dec'd., and offers to execute bond and qualify as said administrator, and the court not having signed the order appointing said trust company, as said administrator, and not having approved said trust company's bond as said administrator, sustains said Bays motion, said order appointing the said Equitable Trust Co., as administrator aforesaid is hereby set aside and held for naught."

Thereupon Bays took the oath and qualified. This order is signed by the county judge. On the following day, to-wit, March 8th, appellant moved the court to set aside the order entered on the preceding day: (1) On the ground that the trust company had been appointed administrator after two terms of the county court had expired following the death of decedent; (2) because no one had previously applied for letters of administration upon said estate; (3) that appellant upon its appointment had duly qualified, taken the oath of office and proceeded to discharge its duties; (4) because the order of March 7th was entered without notice to it.

The motion was overruled and later this suit was filed to set aside the order of March 7th, which petition upon hearing was dismissed and to reverse that judgment appellant has prosecuted this appeal.

In Kentucky Statutes, section 1058, it is provided there shall be a regular term of the county court in each county once every month on Monday, and special terms may be held at any time for the transaction of any business except the probating of a will or granting certain licenses, and that the court may adjourn from time to time until the business is disposed of.

Kentucky Statutes, section 3896, provides the precedence in the right of administration, preference being

given to the surviving spouse, and then to such others as are next entitled to distribution.

In section 3897 it is provided that if no such person apply for administration at the second county court from the death of an intestate the court may grant administration to a creditor, or to any other person in the discretion of the court.

Appellant was appointed on motion of a creditor. The March term was the second term after decedent's death, and if this term consisted of but one day, as the record indicates, and no one mentioned in section 3896, *supra,* had asked to be appointed, the appointment of appellant was authorized.

Courts of record speak only by their orders duly entered and signed in the books provided for that purpose. Nor do records of the proceedings of the court become legal orders in that sense of the term, that is, final and binding, until they are duly entered upon the order book and signed by the judge, and when he signs the record the whole of that day's proceedings is thereby vitalized and the orders become operative at the same moment.

Commonwealth v. Chambers, 1 J. J. Marsh 114; Revill's Heirs v. Claxon's Heirs, 12 Bush 558; Ewell, &c. v. Jackson, &c., 129 Ky. 214, 110 S. W. 860; Ralls, et al. v. Sharp's Admr., et al., 140 Ky. 744, 131 S. W. 998; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133.

Kentucky Statutes, section 1060, provides for the authentication of the orders of the county court by the regular or special judge.

The record shows that the order of March 5th appointing appellant was entered on the order book by the clerk through mistake and not only did the judge refuse to sign it, but he caused the endorsement to be made on the order book that on account of this error the order was stricken from the record, all of which is set out in detail in the later order of March 7th.

That the order of March 5th, 1918, was duly entered on the mniute book is of no avail, since it was not the intention that permanent records of the court should be preserved in minute books, which are solely for the purpose of keeping notes of the business that comes before the court, or is transacted by it. The matter written in minute books is not entitled to the weight or verity of orders recorded in the order book of the court.

The facts in Fox v. Lantrip, *supra,* are quite similar to those found in the present record. It appears in that case that on the 19th of October, 1909, an order was entered by the fiscal court fixing the salary of the school superintendent at ten cents per pupil, and thereafter, to-wit, at a meeting held November 16, 1909, the salary was fixed at $1,500.00 per annum. It was contended that the so-called order of October 19 was merely a minute made by the clerk, which was never read as required by law, and when the court met November 16, 1909, it made an order which was duly entered, read, approved and signed, by which it refused to approve the earlier order and directed that it be set aside. This contention was sustained, the court holding there was no necessity for the fiscal court at its meeting on November 16th to make any order rescinding or setting aside the order entered by the clerk on October 19th, since it was invalid, and that an order or a judgment of a court of record never has any validity until it is signed by the authority designated by law for that purpose. It was further said that if a mere minute was made by the clerk of the so-called order of October 19, which was never properly approved and signed by the judge, but was thereafter written out by the clerk upon the order book and at the adjourned meeting of November 16th, it was not approved but instead was set aside and corrected and an order then entered fixing the salary of the superintendent, it would be immaterial whether the court adjourned on October 19th, or whether they failed to adjourn on said day and treated that day and November 16th as one day, as the order was not entered, read, approved or signed October 19th and could have no validity until the same was done.

In the present case not only does it appear that the entry was made on the order book through error of the clerk and the court did not sign this order, but when the error was discovered, the court made the notation at the foot of the order striking it from the record, and in the order of March 7th, which was signed, attention is called to this fact, at the same time the court expressly refused to approve the bond of appellant as administrator. The court did all it could to destroy the earlier order. The notation at the foot thereof and the subsequent order were efficacious to nullify and vitiate the earlier order the same as if it had never been entered on the book, or as if it had been wholly erased therefrom. The conclu-

sion herein reached renders it unnecessary to discuss the question of notice, since appellant was not a *bona fide* administrator. The alleged order of its appointment having been stricken from the record there was no legal or valid appointment of appellant as administrator and it was not entitled to be recognized as such.

Entertaining no doubt of the correctness of the judgment appealed from same is accordingly affirmed.