## Commonwealth *v.* Hafner, Appellant.

*Criminal procedure—Trial—Verdicts—Jury—Entry of verdict upon the record—Mistake—Power of the Court to amend.*

The verdict of a jury is what is announced in open court, not what is written by the jury and recorded by the clerk.

Where a jury makes a mistake in its written verdict, and the clerk enters the written verdict upon the record instead of the verdict announced by the jury in open court, it is not error for the court to amend the record to make it state the verdict as actually rendered in open court.

Every court of record is the guardian and judge of its own records; it is clothed with full power to control and inquire into them and to set them right if incorrect, and such is its duty.

Argued October 4, 1926.    Appeal No. 4, April T., 1927, by defendant, from judgment of Q. S. Fayette County, December Sessions, 1925, No. 226, in the case of Commonwealth v. Carl Hafner.    Before, PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Indictments for operating an automobile while under the influence of liquor and with unlawful possession of intoxicating liquor.    Before HUDSON, P. J.

The facts are stated in the opinion of the Superior Court.

The jury found the defendant not guilty of possession but guilty of operating an automobile while under the influence of liquor.    Defendant appealed.

*Error assigned* was the altering of the written verdict of the jury by the Court.

*John Duggan, Jr.,* and with him *Charles L. Davidson* and *B. B. McGinnis,* for appellant.

*A. E. Jones,* Special Counsel, and with him *E. B. Brown,* District Attorney, for appellee.

OPINION BY PORTER, P. J., November 9, 1926.

This defendant was charged, in two separate indictments, (1) with operating an automobile while under the influence of liquor and (2) with the unlawful possession of intoxicating liquor. The two indictments were, by consent, tried at the same time before the same jury. The jury returned their verdicts in open court finding, in the case from which we have this appeal, the defendant "guilty of operating an automobile while under the influence of intoxicating liquor" and finding the defendant not guilty in the case in which he was charged with violation of the liquor law. Such were the verdicts as announced in open court. That was the end of the cases so far as the duties of the jury were concerned; the verdicts in the respective cases being absolutely responsive to the issues involved. The jury was then properly discharged, as they had nothing to do with the recording of the verdicts, and were not responsible for the mistake of the clerk. It appears that the jury, when they retired to deliberate, were given two slips of paper on which were written the numbers of the cases, but which did not state the charge involved in the respective indictments, a practice which is not to be commended. When the clerk came to record the verdicts he took these slips of paper and found written upon the slip the number of which corresponded to that of the indictment charging the defendant with operating an automobile while under the influence of intoxicating liquor the words "Not guilty and the county pay the costs," and upon the slip of paper upon which was written the number of the indictment charging violation of the liquor law the words "Guilty of operating an automobile while under the influence of intoxicating liquor," and he entered upon the record the verdicts indicated by the slips of paper instead of entering the verdicts in accordance with the announcement of the jury in open court. This was an error on the part of the clerk. The verdicts of the jury

were those announced in open court; the slips of paper formed no part of the verdicts, nor was the validity of the latter thereby affected: Dornick v. Reichenback, 10 S. & R. 84; Commonwealth v. Micuso, 273 Pa. 474; Commonwealth v. Bishop, 285 Pa. 49; Commonwealth v. Huston, 46 Pa. Superior Ct. 172; Commonwealth v. Miller and Burke, 77 Pa. Superior Ct. 469. Every court of record is the guardian and judge of its own records. It is clothed with full power to control and inquire into them, and to set them right if incorrect, and such is its duty: Thompson v. Emerald Oil Co., 279 Pa. 321; Sheip & Co. v. Price, Page & Co., 3 Pa. Superior Ct. 1. The court did not err in correcting the mistake of the clerk and amending the record to make it state the verdict of the jury as actually rendered in open court. The assignment of error is overruled.

The judgment is affirmed and the record is remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.