MIDLAND GUARDIAN ACCEPTANCE
CORPORATION OF CINCIN-
NATI, OHIO, Appellant,

v.

William F. BRITT and U. D. Spann,
Appellees.

William F. BRITT, Appellee,

v.

Woodrow COLLINS, Cross-Appellant.

Court of Appeals of Kentucky.

Nov. 1, 1968.

Henry J. Potter, Jr., Francis, Potter &
English, Bowling Green, for appellant.

Reginald Ayers, Bell, Orr & Reynolds,
Bowling Green, for appellee William F.
Britt.

Aaron F. Overfelt, Bowling Green, for appellee and cross-appellant Woodrow Collins.

CLAY, Commissioner.

This is a claim and delivery action to enforce a purchase money lien under a conditional sales contract against a truck and camper sold in Indiana to one Warren. The property had been removed to Kentucky and eventually its two components were sold separately to appellees Britt and Spann. They were picked up by the sheriff, and subsequently Britt filed a related suit against one Collins who had sold the truck to him. The two actions were consolidated.

After the taking of extensive proof a final judgment was entered dismissing appellant's claim and awarding Britt a judgment for the amount of the purchase price against the dealer who had sold the truck to him. The ground upon which the trial court dismissed appellant's claim was that the conditional sales contract, the basis of the claim and delivery action, had been cancelled by an "adjudication" of an Indiana court. We do not find such adjudication in the record.

It appears that prior to the filing of this suit by appellant, it had sued the original buyers in Indiana to recover *a personal judgment* for the balance due on the purchase price. (The mortgaged property was not available for enforcement of the lien.) Such a personal judgment, by default, was entered by the Indiana court. The judge of that court wrote across the face of a copy of the original conditional sales contract the word "Cancelled", and signed his name, "John L. Niblack, Judge". We are not advised of the basis of such purported cancellation since the conditional sales contract authorized the seller to pursue *successively* any of its remedies thereunder. However that may be, the notation of the judge on the copy of the contract form

cannot be held to have extinguished appellant's rights asserted in this lawsuit.

■ We assume the circuit court of Marion County, Indiana is a court of record. As stated in Equitable Trust Co. of Dover v. Bayes, 190 Ky. 91, 226 S.W. 390, 391:

"Courts of record speak only by their orders duly entered and signed in the books provided for that purpose."

See also 21 Am.Jur., Courts, sections 225 and 237.

Section 2–2517 Burns' Ind.St.1968, provides:

"The judgment must be entered on the order-book, and specify clearly the relief granted, or other determination of the action."

■ The *adjudication* of the Indiana controversy appears in the "Judgment Entry" of that court. It gives judgment for appellant in the amount of $2297.32, sustains the attachment proceedings (against property of the original buyers other than the truck and camper), and orders a sale of the attached property. It does not declare the contract cancelled. This was the only judgment in that lawsuit, and the notation on an exhibit copy was ineffective to void the contract. Notations on the docket or papers in the record are not judgments. Loper v. Hosier, Tex.Civ.App., 148 S.W. 2d 889. Suppose one of the parties in that litigation wished to appeal from the alleged adjudication that the contract be cancelled? He could not appeal from the only final judgment in the case because it does not so provide. Would he appeal from the exhibit copy of the contract with the word "Cancelled" written on it?

■ The record did not disclose the practice in Indiana in such a case as this

but we do not believe Kentucky need give full faith and credit to a notation on an exhibit which bears no resemblance to a judgment, particularly when the court otherwise finally adjudicated the rights of the parties in its formal "Judgment Entry". There normally should be only one final judgment in a case, and it should be complete in itself. 49 .C.J.S. Judgments §§ 62b, 65.

Appellant raises the further point that the notation by the Indiana judge was not intended to void the contract with respect to the alternative remedy of appellant to enforce its lien on the property sold, and it is plausible to construe this word as simply meaning that the right to a personal judgment for the unpaid balance had been *merged* in the judgment. This ambiguity is another reason we cannot construe the "Cancelled" notation as being a binding adjudication that appellant had in the Indiana suit exhausted all of its rights under the contract. From this record it does not appear that that question was even presented to the Indiana court, particularly since this was a *default* judgment. It is our conclusion that the Indiana proceedings did not justify dismissal of appellant's claim.

Appellee Collins has cross-appealed from so much of the judgment as awards appellee Britt the purchase price the latter paid for the truck. Our determination that appellant should not be denied relief on the ground asserted may or may not affect the rights of the other parties in these two lawsuits. We are constrained to remand this case to the circuit court for such further proceedings as may appear necessary and proper, and for the entry of a new judgment adjudicating the rights of all parties.

The judgment is reversed on the appeal and on the cross-appeal for proceedings consistent with this opinion.

MONTGOMERY, C. J., and HILL, MILLIKEN, PALMORE, STEINFELD and WILLIAMS, JJ., concur.