## Commonwealth v. Landis

Before Coffroth, P. J., and Shaulis, J.

*Frederick F. Coffroth,* District Attorney, for Commonwealth.

*James B. Yelovich,* of *Kimmel & Rascona,* for defendant.

COFFROTH, P. J., November 15, 1973—The question here is whether a court has inherent power to expunge and destroy the judicial record of a criminal conviction, in the absence of statutory authority.

Defendant was indicted on three counts of violation of the Drug Act of April 14, 1972, and a fourth count of contributing to the delinquency of a minor. The first two drug counts were nol prossed; defendant pleaded guilty to the third drug count and to the fourth count, and was placed on probation. He now has an opportunity to go into the Air Force, but may not be accepted unless the records of all drug counts are expunged, for which we now have his petition.

The court has broad inherent authority over its records, because a court speaks only through its

records. See 21 C.J.S. page 430, §230. Accordingly, the court has the inherent power to keep records, to protect them, to amend and correct them in order that they shall speak the truth, and to control their form. See 21 C.J.S. §230, et seq.; Commonwealth v. Hafner, 89 Pa. Superior Ct. 173 (Amendment). Some records of the court are more important than others, and circumstances may justify ceasing to keep a particular record unless its maintenance is mandated by statute or by Supreme Court rule. Among the most vital records, however, are those containing the judicial orders and decrees. Compare Equitable Trust Company of Dover v. Bays, 190 Ky. 91, 226 S. W. 390 (Ky. Orders v. Minutes).

But no authority has been submitted to us to support the proposition that we have inherent power to expunge or destroy court records, absent an empowering statute. And all of the authorities we have found deny such power. In 31 P. L. Encyc. 223 §11, it is categorically stated that:

"A court has no power, without statutory authority, to authorize the destruction of court records."

In 21 C.J.S. page 435, §232, the same principle is expressed:

"In exercising its power of making necessary amendments to its records, a court has no authority to change or mutilate the papers or records already on file."

Looking then to the Pennsylvania statutes, we find that there are several which authorize destruction of judicial records after they have been reproduced or copied: 17 PS §2021, et seq., and 65 PS §63.6. But those are really record *preservation*, not destruction statutes and they negate any authority to eliminate a record by destruction as we are asked to do here.

The idea that expunging or elimination by destruc-

tion a criminal record may in some circumstances be warranted is of relatively recent development. It arises from the notion that the consequences of a record may in some cases be too severe. The only statutory provisions in Pennsylvania for expunging are contained in the Drug Act of April 14, 1972, P. L. 165, as amended. Section 19 thereof, 35 PS §780-119, authorizes the court to expunge the record of *arrest* or *prosecution* for certain offenses under that act, with specified exceptions, *only when the charges are withdrawn or dismissed or when the accused is acquitted;* expunging is granted as a matter of right to any person in such circumstances only once.

Expunging under the Drug Act is accomplished as follows:

1. The court orders expunction;

2. The clerk destroys the records;

3. The clerk files an affidavit with the court of the destruction, of which no copy is kept;

4. The court seals from examination the affidavit together with the original and all copies of the expunction order; and

5. The court files with the Governor's Council on Drug and Alcohol Abuse a list of persons whose record was expunged, which is to be kept confidential by the council except that it is to be made available to any court upon request.

The effect is that an expunged record is not to be regarded nor reported as an arrest or prosecution.

The last subparagraph (c) of section 19 of the Drug Act then says:

"Nothing contained in this section shall prohibit a person acting pursuant to prior practice from petitioning an appropriate court for an expunction order."

That subparagraph appears to imply an expunction practice antedating the act. The act is not a grant of

general expunging power, and there is no other statute known to us which contains such a grant; so it follows that whatever other practice of expunction exists must be grounded on inherent power. It does not follow from such provision, however, that such a practice, in fact, prevails or that any Pennsylvania court exercises such inherent power or has held it to exist. Subparagraph (c) may be, and probably is, merely a legislative precaution against intruding at all into the inherent power area.

Limited expunging is also authorized by Act No. 64 of 1972, amending section 38 of the Drug Act, 35 PS §780-138, in the case of mandated sentence revision.

Apart from any question of the wisdom of legislative provision for expunction and destruction of judicial records, the existence or exercise of any inherent judicial expunction power is of doubtful wisdom. The potential for abuse of such power is so great, not from improper motive in its exercise, but from undue laxity and from lack of uniformity in its administration, that it should be enveloped by universal safeguards applicable to all courts of the Commonwealth rather than being exercised ad hoc, here and there. And such safeguards can best be developed by the legislature or by the Supreme Court. Until that is done, we think a court may not and should not destroy its records.

The effect of a contrary holding, in effect, permits a court to emasculate the provisions of the statute by ignoring in the name of inherent power the salutary limitations therein prescribed. In fact, that is what we are asked to do here because defendant does not qualify for expunction under the Drug Act for two reasons:

1. The first two counts of the indictment were nol prossed, and would, therefore, qualify as "withdrawn"

cases under section 19. See Commonwealth v. Mc-Laughlin, 293 Pa. 218, 223, and Commonwealth ex rel. Thor v. Ashe, 138 Pa. Superior 222. But those counts appear to have been filed under section 13(a)-(30), 35 PS §780-113, of the act; such prosecutions are expressly excepted from section 19 and may not therefore be expunged.

2. The third count of the indictment is expungable only if withdrawn or dismissed, or if the accused is acquitted. Defendant pleaded guilty to the third count and is on probation and, therefore, does not qualify for expunction.

To grant this petition is to set aside a valid legislative enactment, which we should not do no matter what our personal philosophy might be as to the desirability of such a course in this or any given case. Unduly sympathetic treatment of hard cases not only makes bad law, it also opens cans of wriggling and uncontrollable worms.

The effect of statutory evisceration, by the exercise of an inherent expunging power, argues strongly not only against the wisdom of exercising such power, but also against its existence.

We should distinguish expunction from two other situations. The one is the impounding of records where the content thereof is given a limited confidentiality, but are fully preserved as records of the court; impounding does not have the effect of a nonrecord as does expunction. This court has claimed and has exercised the inherent power of impoundment in the case of its divorce records, but has claimed no power of destruction. The other analogous situation is the off-record proceeding in which part of the proceeding is not recorded. Such procedure is and should be confined to irrelevancies and to cases clearly authorized by statute or Supreme Court rule. It is expressly pro-

vided for in the present Accelerated Rehabilitative Disposition Program (ARDP) Rules of the Supreme Court: Pennsylvania Rule of Criminal Procedure 179. See also local Rules Nos. R46-501 and 502, requiring reporters to be present at all sessions of court and to take complete notes of all proceedings except voir dire in nonmurder cases and arguments of counsel. Abuse of the off-record proceeding must be carefully guarded against, lest relevant matters be omitted from the record. In any event, going off-record is not the equivalent in seriousness of destruction and suppression of the orders and adjudications of the court.

## ORDER

Now, November 15, 1973, the petition for expunction of the record of defendant's conviction is denied. Costs on defendant.