**Michael BOONE, Appellant**

v.

**Tiffany BOONE, Appellee**

NO.2014–CA–001672–ME

Court of Appeals of Kentucky.

RENDERED: MAY 29, 2015; 10:00 A.M.

Brief for Appellant: Steven J. Megerle, Covington, Kentucky

Brief for Appellee: René B. Heinrich, Newport, Kentucky

BEFORE: COMBS, KRAMER, AND TAYLOR, JUDGES.

## OPINION

COMBS, JUDGE:

Michael Boone appeals the entry of a domestic violence order (DVO) by the Campbell Circuit Court. After our review, we remand.

Because the disposition of this case is strictly based on procedure, only the procedural history is relevant. Michael's estranged wife, Tiffany Boone, filed a domestic violence petition in Campbell Circuit Court on September 24, 2014. Her petition indicated that Michael and Tiffany had a pending dissolution and custody action in Boone County. The court held a DVO hearing on October 2, 2014. At the end of the hearing, it granted the DVO petition. The court orally recounted the testimony underlying its decision.

At the conclusion of the court's pronouncement, Michael asked the court to issue findings. The court responded that it had made its findings in the video record. Michael asked if it would write that it was a final and appealable order, and the court answered, "I think I just did." The written record includes a docket sheet with a handwritten note—"DVO granted—findings on record."

■ Michael now appeals based on the sufficiency of the evidence. However, for procedural reasons, we are unable to reach the merits of his arguments.

Kentucky Rule[s] of Civil Procedure (CR) 52.01 provides that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment...." The rule is applicable in domestic matters such as this one. *Ghali v. Ghali,* 596 S.W.2d 31, 32 (Ky.App.1980).

■ It is well established that a court speaks through its writings. *Holland v. Holland,* 290 S.W.3d 671, 675 (Ky.App. 2009). We have held that we may consider oral findings of fact and conclusions of law only if they have been specifically incorporated into a written and properly entered order. *Kindred Nursing Centers Ltd. Partnership v. Sloan,* 329 S.W.3d 347, 349 (Ky.App.2010). "Notations on the docket or papers in the record are not judgments." *Midland Guardian Acceptance Corp. of Cincinnati, Ohio v. Britt,* 439 S.W.2d 313, 314 (Ky.1968).

In this case, the only written communication from the court is a notation on a docket sheet in the record. Therefore, pursuant to this reasoning alone, the trial court's recorded findings referenced only by a handwritten note are insufficient. However, because findings on video are considered sufficient in limited circumstances, we have done additional research. *See Commonwealth v. Alleman,* 306 S.W.3d 484, 484–85 (Ky.2010).

Subsequent to the decisions cited above, the Supreme Court emphasized the importance of written findings in family law as directed by CR 52.01. It explained that the rule has created "a general duty for the trial court to find facts...." *Anderson v. Johnson,* 350 S.W.3d 453, 458 (Ky.2011). CR 52.01 "requires that the judge engage in ... fact-finding and that the found facts be included in a *written* order." *Id.* (Emphasis added). The Court reiterated this holding in a case rendered close in time to *Anderson:* "the trial judge's duty is not satisfied until the findings have been reduced to writing." *Keifer v. Keifer,* 354 S.W.3d 123, 126 (Ky.2011).

While *Anderson* and *Keifer* pertain specifically to grants and modifications of child custody, we believe that the Supreme Court's mandate of written findings also applies to DVO cases. In *Keifer,* Justice Venters elaborated that:

> compliance with CR 52.01 and the *applicable sections of KRS Chapter 403* requires written findings, and [we] admonish trial courts that it is their duty to comply with the directive of this Court to include in *all orders affecting child custody* the requisite findings of fact and conclusions of law supporting its decisions.

*Id.* at 125. (Emphasis added). We are persuaded that the statutes governing DVO procedures are among those referred to in the *Keifer* holding.

Chapter 403 is entitled "Dissolution of Marriage—Child Custody." Within it, Sections 403.715—403.785 govern domestic violence procedures. Significantly, Chapter 403 also incorporates domestic violence considerations into the statutes which govern child custody. KRS 403.270(2)(f);

403.270(3); 403.340(4)(d). It is inherent in the statutory scheme that domestic violence orders affect child custody; therefore, they come within the purview of the Supreme Court's mandate for written findings.

This court has cautioned that DVO proceedings must be complete and thorough due to their serious impact on families. *Rankin v. Criswell,* 277 S.W.3d 621, 626 (Ky.App.2008). Additionally, we have discussed the ramifications of an erroneous DVO as follows:

> [T]he impact of having an EPO or DVO entered improperly, hastily, or without a valid basis can have a devastating effect on the alleged perpetrator. To have the legal system manipulated in order to "win" the first battle of a divorce, custody, or criminal proceeding, or in order to get "one-up" on the other party is just as offensive as domestic violence itself. From the prospect of an individual improperly accused of such behavior, the fairness, justice, impartiality, and equality promised by our judicial system is destroyed. In addition, there are severe consequences, such as the immediate loss of one's children, home, financial resources, employment, and dignity. Further, one becomes subject to immediate arrest, imprisonment, and incarceration for up to one year for the violation of a court order, no matter what the situation or circumstances might be.

*Wright v. Wright,* 181 S.W.3d 49, 52 (Ky. App.2005).

The weighty concerns of the *Wright* court are present in the case before us. The domestic violence petition was filed in Campbell County during the pendency of a dissolution and custody action. The custody action is pending in Boone Circuit Court, which is statutorily bound to consider a domestic violence order in its proceedings regarding child custody. Again, the domestic violence order has been issued in a different jurisdiction—in Campbell County. Due to the serious and lasting consequences of its decision, the Boone Circuit Court should have the benefit of thorough written findings from the Campbell Circuit Court explaining the circumstances and legal reasoning which led to entry of the order. The record as it stands does not provide the Boone Circuit Court with any meaningful information to aid its decision-making. In *Keifer,* 354 S.W.3d at 127, our Supreme Court stated as follows:

> [W]e conclude upon review of the record that adequate findings were made from the bench at the conclusion of the hearing. Nevertheless, in order to comport with the mandatory requirements of *Anderson,* we are constrained to remand the cause to the Hardin Family Court for entry of a new order setting forth in writing the trial court's findings of fact and conclusions of law.

That very reasoning applies in this case. The trial court made adequate oral findings, but we are compelled to ask it to render its findings in writing.

We remand this matter to the Campbell Circuit Court for entry of written findings.

ALL CONCUR.