RENDERED: JANUARY 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0761-ME

JASON MCCOY                                                            APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.        HONORABLE DAVID A. LANPHEAR, JUDGE
ACTION NO. 20-D-00057-001

DANIEL SMITH                                                            APPELLEE

OPINION
REMANDING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND DIXON, JUDGES.

DIXON, JUDGE: Appellant (McCoy) appeals from the Warren Circuit Court's

domestic violence protection order, entered on May 19, 2020. After careful review

of the record, briefs, and law, we remand for entry of written findings of fact.

**BACKGROUND**

In February 2020, Appellee (Smith) filed a petition for an order of

protection on behalf of his five-year-old daughter (Child). Therein, Smith alleged

that Child had disclosed to her therapist that McCoy, who resided with Child's mother, had touched her privates and hurt her on multiple occasions.

At the trial, Smith's sole witness was Child's therapist (Hayes). In November 2019, Smith engaged Hayes's services to address Child's behavioral problems and possible sexual behavior with another child. Over McCoy's hearsay objection, Hayes testified that during the course of therapy, Child made three separate disclosures regarding McCoy touching her privates, having her touch his privates, and taking a picture of her privates.

The trial court made findings from the bench, entered an order adopting them by reference, and entered a domestic violence order (DVO) of protection. This appeal timely followed. Additional facts will be introduced as they become relevant.

## ANALYSIS

After an evidentiary hearing, a court may issue a DVO if it "finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" KRS[1] 403.740(1). We review the issuance of a DVO to determine if the trial court's findings are clearly erroneous or if the court abused its discretion. *Holt v. Holt*, 458 S.W.3d 806, 812 (Ky. App. 2015).

---

[1] Kentucky Revised Statutes.

McCoy raises three claims of error: (1) the trial court failed to make written findings, (2) the trial court's decision was clearly erroneous, and (3) Child's hearsay statements were improperly admitted as evidence. We need only address his first argument as it is dispositive of the result.

"In all actions tried upon the facts without a jury[,] . . . the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment[.]" CR[2] 52.01. To be compliant, the findings of fact must be in writing. *Kiefer v. Kiefer*, 354 S.W.3d 123, 124 (Ky. 2011). This mandate applies in DVO cases. *Boone v. Boone*, 463 S.W.3d 767, 768 (Ky. App. 2015). Even where the trial court's rationale is readily determinable from the recorded proceedings, it is not excused from its responsibility to make written findings. *Id.* at 769. Where the trial court fails to engage in a good-faith effort to render written findings, we are permitted to remand the matter back to the trial court. *Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011).

As an initial point, we note that McCoy's brief failed to include at the beginning of his argument section "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). Accordingly, it would be within our discretion to, as Smith has requested, strike this portion of the brief and forego a review of the

---

[2] Kentucky Rules of Civil Procedure.

claim. *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). However, as a lack of preservation itself is not a bar to this claim, we will address it on its merits despite McCoy's error. *Anderson*, 350 S.W.3d at 458.

Herein, the trial court made no written findings, beyond checking the boxes on the form order, that it found by a preponderance of the evidence that sexual assault had occurred and may again occur. In lieu of specific written findings, the trial court announced oral findings from the bench and entered an order adopting them by reference simultaneously with the DVO judgment. Smith asserts this is sufficient and cites as authority contract dispute cases where adoption by reference was approved.

We find Smith's argument unavailing as contract practices are not applicable herein. This Court has previously held that notations on a docket sheet purporting to adopt by reference oral findings were insufficient to satisfy a court's obligation to render written findings. *Boone*, 463 S.W.3d 767. While the order at issue is typed, we discern no practical reasons that would justify a different result. Further, the lack of written findings precludes this Court from addressing McCoy's second claim, that the trial court's decision is clearly erroneous. Accordingly, we are compelled to vacate the DVO and remand for entry of a new order with written findings.

## CONCLUSION

Therefore, and for the foregoing reasons, we REMAND this matter to the Warren Circuit Court for entry of written findings.

CALDWELL, JUDGE, CONCURS.

ACREE, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

ACREE, JUDGE, DISSENTING: For the reasons stated in *Williford v. Williford*, 583 S.W.3d 424 (Ky. App. 2019), I respectfully dissent.

In *Williford*, this Court interpreted *Pettingill v. Pettingill*, 480 S.W.3d 920 (Ky. 2015), as holding that a family court satisfied the requirements of CR 52.01 by "completely and accurately fill[ing] out AOC Form 275.3 and, under the 'Additional Findings' header, check[ing] the box [indicating its finding] . . . that an act(s) of domestic violence or abuse occurred and may again occur." *Pettingill*, 480 S.W.3d at 925 (internal quotation marks omitted).

The Supreme Court addressed the specific argument "that the family court did not specify sufficient findings of fact to support its DVO because the AOC Form 275.3 is deficient." *Id.* The Court's response was, "We disagree." After all, this is a form approved as compliant with applicable rules by the Supreme Court for family court use. How could it be so that when a family court completely and accurately fills out the form, there is still more to do? Why have the form in the first place if it is inadequate to the task for which it was created?

When the form underwent minor revision in 2016 (a year after *Pettingill*), neither the Supreme Court nor the Administrative Office of the Courts deemed it necessary even to add a few blank lines for family courts to jot down a few findings. There is a reason. And it is stated in *Pettingill*.

After noting that "the family court made further factual findings on its docket sheet," the Supreme Court said, "The family court's written findings of fact were *more than sufficient* to satisfy CR 52.01." *Id.* (emphasis added). That is, without the separate written findings, CR 52.01 still would have been satisfied because the additional findings were superfluous to the "finding that an act or acts of domestic violence had occurred and may occur again *on the form* . . . ." *Id.* (emphasis added). When "the [family] court also listed on its docket sheet nine specific findings to support its order[,] . . . [t]his effort *more than satisfie[d]* the court's good faith duty to record fact-finding." *Id.* (emphasis added).

Therefore, respectfully, I dissent.

BRIEFS FOR APPELLANT:

Christopher T. Davenport
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Casey A. Hixson
Bowling Green, Kentucky