RENDERED: AUGUST 26, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0050-DGE

DANIEL SMITH                                                    APPELLANT

|  | ON REVIEW FROM COURT OF APPEALS |
| --- | --- |
| V. | NO. 2020-CA-0761 |
|  | WARREN CIRCUIT COURT NO. 20-D-00057-001 |

JASON MCCOY                                                      APPELLEE


**OPINION OF THE COURT BY JUSTICE KELLER**

**REVERSING AND REINSTATING**

On May 19, 2020, the Warren Circuit Court issued a domestic violence protective order against Jason McCoy, restraining him from having any contact with E.S.,[1] the biological daughter of Daniel Smith. McCoy appealed from this order to the Court of Appeals. Concluding that the trial court did not make sufficient written factual findings, the Court of Appeals remanded the case to the circuit court for entry of written findings of fact. After a careful review of the record and applicable law, we reverse the Court of Appeals and reinstate the Warren Circuit Court's domestic violence protective order.

## I. BACKGROUND

In February 2020, Smith filed a petition for an order of protection on behalf of his five-year-old daughter, E.S. Smith alleged that E.S. had disclosed

---

[1] We use initials to identify the minor child to protect her privacy.

to her therapist that McCoy had subjected her to inappropriate sexual contact, the details of which are not pertinent to our analysis today. McCoy was E.S.'s mother's live-in boyfriend.

On May 19, 2020, the trial court held a lengthy hearing. At the conclusion of the hearing, the court made oral findings of fact and conclusions of law. Those factual findings were as follows:

> The court finds from the testimony of Ms. Hayes[2] that acts of sexual abuse were committed against this child, [E.S.] There was inappropriate touching, inappropriate sexual contact. It happened, according to what Ms. Hayes has related, on several different occasions. [E.S.] identified Mr. McCoy and Jessica.[3] She identified McCoy as a perpetrator, someone whom she knows. Identified a not complicated act, but a fairly, it was a direct act against her and stated, she didn't use these words, but in essence was, that her mother failed to protect her. The court finds that the child has engaged in sexualized behaviors that are consistent with the things that, with the sexualized contact that she described. And her demeanor and behaviors, even sometimes misbehaviors, were consistent with what Ms. Hayes said a victim of sexual abuse would do. And her statements to Ms. Hayes were therapeutically consistent. So, based on those things, the court in the case of 20-D-57-001, Daniel Smith against Jason McCoy, the court finds for the petitioner against the respondent that it was established by a preponderance of the evidence that an act of sexual abuse has occurred and may again occur.[4]

Concurrently with issuing its oral findings, the trial court filled out the pre-printed Administrative Office of the Courts (AOC) Form 275.3, Order of Protection. It also filled in a pre-typed Findings of Fact and Conclusions of Law

---

2 Ms. Hayes was E.S.'s therapist. After finding E.S. too immature to withstand direct and cross-examination, and therefore incompetent, the trial court allowed Hayes to testify to the statements E.S. made to her. The admissibility of Hayes's testimony regarding E.S.'s statements is not before us at this time. This Opinion should not be read as an approval of the admission of that evidence.

3 Jessica is E.S.'s biological mother, Jessica Smith.

4 We have omitted filler utterances such as "uh" and "um."

form that it had apparently prepared on its own for use in all its hearings on petitions for a domestic violence order. That form included blank spaces for the judge to write in the case number, parties' names, and the date of the hearing. The rest of the form was pre-typed.

By virtue of signing AOC Form 275.3, the trial court found "it has jurisdiction over the parties and subject matter, and the Respondent has been provided with reasonable notice and opportunity to be heard." Under the "Additional Findings" section, the trial court checked a box indicating it also found "[f]or the Petitioner against the Respondent in that it was established, by a preponderance of the evidence, that an act(s) of sexual assault has occurred and may again occur."

As explained, in addition to filling out the AOC form, the trial court had its own pre-typed form for use in its hearings on petitions for a domestic violence order. The trial court's pre-typed form stated, in full, the following:

> The matter came before the Court on May 19, 2020 for a hearing on Petitioner's Petition for a Domestic Violence Order. At the conclusion of the hearing, the Court announced its findings of fact and conclusions of law, which form the factual and legal basis of the Court's Order. Accordingly,
>
> **IT IS HEREBY ORDERED** that the findings of fact and conclusions of law announced on the record as set forth hereinabove are expressly and specifically incorporated by reference herein as if written in full. ***Boone v. Boone***, 463 S.W.3d 767, 768 (Ky. App. 2015); ***Kindred Nursing Centers, Ltd. Partnership v. Sloan***, 329 S.W.3d 347, 349 (Ky. App. 2010). The Court shall set forth its decision in a separately entered Domestic Violence Order.

(Bold and capitalization in original).

3

Aside from the AOC form and its own pre-typed form, the trial court entered no other written findings of fact. On the AOC form, the trial court entered various orders restraining McCoy from having any contact with E.S.[5] The specifics of those orders are not at issue before us today, and we need not detail them.

McCoy appealed the Warren Circuit Court's domestic violence order to the Court of Appeals. A divided Court of Appeals vacated the trial court's order concluding the trial court failed to make written factual findings as required by Rules of Civil Procedure (CR) 52.01; *Anderson v. Johnson,* 350 S.W.3d 453, 459 (Ky. 2011); *Keifer v. Keifer,* 354 S.W.3d 123, 126 (Ky. 2011); and *Boone v. Boone,* 463 S.W.3d 767, 768 (Ky. App. 2015). The Court of Appeals remanded the case back to the trial court for entry of a new order with written findings. The Court of Appeals dissent would have affirmed the trial court's order as it believed a family court satisfies the requirement of written factual findings by completely and accurately filling out AOC Form 275.3.

Smith moved this Court for discretionary review, and we granted his motion.

## II. ANALYSIS

CR 52.01 states, in relevant part, "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an

---

[5] The trial court also entered a domestic violence order against Jessica Smith in case number 18-D-114-002. She did not appeal the order, and it is not before us today.

4

appropriate judgment." In this case, we are tasked with interpreting this rule, which is a question of law. We review questions of law de novo, owing no deference to the legal determinations of the lower courts. *S. Fin. Life Ins. Co. v. Combs,* 413 S.W.3d 921, 926 (Ky. 2013) (citing *Newell Enters., Inc. v. Bowling,* 158 S.W.3d 750, 754 (Ky. 2005)).

In *Anderson v. Johnson,* 350 S.W.3d 453, 458 (Ky. 2011), we interpreted CR 52.01 to require that trial courts include their factual findings in written orders. In *Anderson,* the trial court conducted an extensive hearing on a motion to modify a timesharing schedule to allow a parent to move with the child to Paducah, Kentucky. *Id.* at 454. The trial court denied the motion without making specific findings of fact and separate conclusions of law but only found "that it is not in the best interest of [the child] to relocate to Paducah, Kentucky." *Id.* Upon review of the trial court's order, we held,

> CR 52.01 requires that the judge engage in at least a good faith effort at fact-finding and that the found facts be included in a written order. Failure to do so allows an appellate court to remand the case for findings, even where the complaining party failed to bring the lack of specific findings to the trial court's attention.

*Id.* at 458. We explained the importance of explicit factual findings for appellate review. We stated,

> To review the judge's decision on appeal, it is important to know what facts the judge relied on in order to determine whether he has made a mistake of fact, or to even determine if he is right at law, but for the wrong facts. If a judge must choose between facts, it is clearly relevant which facts supported his opinion.

5

*Id.* at 455. Because the trial court failed to make any factual findings, we remanded the case to the circuit court to make specific findings of fact and conclusions of law and to enter an appropriate judgment. *Id.* at 459.

The following month we reaffirmed our holding in *Anderson* in *Keifer v. Keifer,* 354 S.W.3d 123 (Ky. 2011). In *Keifer*, two divorced parents shared joint custody of their children, with the father entitled to parenting time in accordance with a certain visitation schedule. *Id.* at 124. The mother was a soldier in the United States Army who eventually received orders to relocate to Fort Hood, Texas. *Id.* She moved the family court to modify the parties' parenting time. *Id.* After an evidentiary hearing, the family court modified the parenting time schedule so that the children would live primarily with the father, and the mother would have parenting time in accordance with the visitation schedule. *Id.* The family court judge "expounded at length on the reasons for her ruling," making extensive oral factual findings on the record. *Id.* However, the court's written order failed to include any factual findings. *Id.* at 124–25.

On review, this Court acknowledged that the family court made sufficient oral findings to comply with the statutory requirements as well as CR 52.01 but also stated that "[w]e do not expect the appellate courts of this state to search a video record or trial transcript to determine what findings the trial court might have made with respect to the essential facts." *Id.* at 124, 126. We further reiterated our holding in *Anderson* when we said,

We again state with emphasis that compliance with CR 52.01 and the applicable sections of KRS Chapter 403 requires written findings, and admonish trial courts that it is their duty to comply with the directive of this Court to include in all orders affecting child custody the requisite findings of fact and conclusions of law supporting its decisions.

*Id.* at 125. We further explained,

the final order of the trial court, especially in family law cases, often serves as more than a vehicle for appellate review. It often becomes a necessary reference for the parents and third parties, such as school officials, medical providers, or other government agencies with responsibilities requiring knowledge of the facts determined by the trial court.

*Id.* at 126. Concluding the family court's order in the case was deficient, we remanded "for entry of a new order setting forth in writing the trial court's findings of facts and conclusions of law." *Id.* at 127.

Four years later, we applied *Anderson* and *Keifer* to a petition for a domestic violence order in *Pettingill v. Pettingill*, 480 S.W.3d 920 (Ky. 2015). In *Pettingill*, a wife filed a petition for a domestic violence order against her husband. *Id.* at 921. After a hearing, the family court entered a domestic violence order against the husband using AOC Form 275.3. *Id.* at 922. On the AOC form, the family court found by a preponderance of the evidence that acts of domestic violence or abuse had occurred and may occur again. *Id.* In addition, the court made nine additional specific factual findings which were hand written on the docket sheet. *Id.*

On discretionary review, the husband argued, among other things, that the family court did not make sufficient factual findings to support its order because the AOC Form 275.3 is deficient. *Id.* at 925. We did not answer the

7

question regarding the adequacy of the AOC Form in that case because the trial court did more than just fill out the form. *Id.* The trial court also made multiple specific factual findings in writing on its docket sheet. *Id.* We concluded that "[t]he effort more than satisfies the court's good faith duty to record fact-finding." *Id.* Accordingly, we affirmed the trial court's entry of the domestic violence order. *Id.* at 926.

Just as the trial court in *Pettingill* did more than just fill out the AOC form, so too did the trial court in this case. Here, the court made oral findings and incorporated them by reference into its written order. In doing so, the trial court relied on two Court of Appeals cases, *Boone v. Boone*, 463 S.W.3d 767 (Ky. App. 2015) and *Kindred Nursing Centers, Ltd. Partnership v. Sloan*, 329 S.W.3d 347 (Ky. App. 2010).

In *Boone*, a wife filed a petition for a domestic violence order against her husband. 463 S.W.3d at 768. The trial court held a hearing, and at the conclusion of the hearing, granted the petition, orally recounting the testimony underlying its decision. *Id.* The only written record from the hearing was a docket sheet with a handwritten note: "DVO granted—findings on record." *Id.* On review, the Court of Appeals acknowledged that pursuant to *Kindred Nursing Ctrs.*, 329 S.W.3d at 349, an appellate court "may consider oral findings of fact and conclusions of law only if they have been specifically incorporated into a written and properly entered order." *Boone*, 463 S.W.3d at 768. The court then stated that "[n]otations on the docket or papers in the record are not judgments." *Id.* (quoting *Midland Guardian Acceptance Corp.*

8

*Cincinnati, Ohio v. Britt*, 439 S.W.2d 313, 314 (Ky. 1968)). Accordingly, the Court of Appeals held that because "the only written communication from the court is a notation on a docket sheet," it was compelled to remand the case to the trial court to render its findings in writing. *Id.* at 768–69.

As stated, the *Boone* court cited to *Kindred Nursing Centers*, 329 S.W.3d 347, in its analysis. *Boone*, 463 S.W.3d at 768. In *Kindred Nursing Centers*, the trial court was called upon to consider the validity of an arbitration agreement. 329 S.W.3d at 348. The trial court denied the motion to compel arbitration; however, its written order contained no findings of fact or conclusions of law. *Id.* The Court of Appeals "remind[ed] the circuit court that it speaks only through written orders entered upon the official record." *Id.* at 349 (citing *Midland Guardian Acceptance Corp.*, 439 S.W.2d at 314; *Commonwealth v. Wilson*, 280 Ky. 61, 132 S.W.2d 522, 523 (1939)). It then held that "any findings of fact and conclusions of law made orally by the circuit court at an evidentiary hearing cannot be considered by this Court on appeal unless specifically incorporated into a written and properly entered order." *Id.* Because the trial court did not do so, the Court of Appeals vacated the trial court's order and remanded the case for additional proceedings. *Id.*

Having reviewed the relevant caselaw, we now turn back to the case before us. As previously described, the trial court made findings of fact and conclusions of law orally at the end of the hearing. It also fully and accurately completed AOC Form 275.3, finding, by a preponderance of the evidence, that acts of sexual abuse had occurred and may occur again. Finally, it entered a

9

written order "expressly and specifically incorporating" its oral findings and conclusions into the written order. We hold this was sufficient to meet the trial court's duty to "engage in at least a good faith effort at fact-finding and that the found facts be included in a written order." *Anderson*, 350 S.W.3d at 458.

First, we note that in issuing a protective order, the only "essential facts," *Keifer*, 354 S.W.3d at 126, the trial court is required to find are (1) whether an act of domestic violence and abuse, dating violence and abuse, stalking, or sexual assault has occurred, and (2) whether it may occur again. The trial court made both of these findings in writing on AOC Form 275.3. Any additional factual findings the trial court makes in issuing a protective order are merely supporting those ultimate factual findings and are not "essential."

This stands in contrast to the complex and multi-faceted factual findings a trial court must make in the child custody context. In custody disputes, the trial court must specifically consider multiple factors to determine what is in the child's best interest. *See* KRS 403.270(2). In the child custody context, the mere written finding that something is or is not in a child's best interest cannot be sufficient because it does not show how the trial court weighed each factor to determine what was in the child's best interest. Written factual findings regarding each factor are an "essential" part of the trial court's written order in child custody cases. Such is not the case in the protective order context.

One reason this Court and our rules require written findings is to facilitate efficient appellate review. Although "[w]e do not expect the appellate courts of this state to search a video record or trial transcript to determine

10

what findings the trial court might have made," *Keifer*, 354 S.W.3d at 126, we do expect our appellate courts to review the full record before making its determinations. In this case, the appellate courts did not have to "search" the video record to determine if the trial court made any oral factual findings; the trial court explicitly told us that it did, and the findings were readily apparent upon review of the video record. It further specifically incorporated those oral findings into its written order. We see no need to require busy family courts to transcribe their clear oral findings in protective order cases when they also completely and accurately fill out AOC Form 275.3 and issue a written order explicitly incorporating their clear oral factual findings.

In *Keifer*, we explained that the "final order of the trial court . . . often becomes a necessary reference for the parents and third parties, such as school officials, medical providers, or other government agencies with responsibilities requiring knowledge of the facts determined by the trial court." *Id.* Although this is also true with respect to protective orders, we conclude that AOC Form 275.3 sufficiently apprises any third parties of the facts they must know to act on the order. Law enforcement, school officials, and medical providers are the third parties most likely to require this information. It is sufficient that they know an act of domestic violence and abuse, dating violence and abuse, stalking, or sexual assault has occurred and that it may occur again and what the object of the protective order is restrained from doing. All of this information is contained in a completely and accurately filled

11

out AOC Form 275.3. No additional information is required for third parties to fulfill any obligations they have in assisting in the enforcement of these orders.

### III.    CONCLUSION

For the aforementioned reasons, we reverse the Court of Appeals and reinstate the Warren Circuit Court's domestic violence protective order.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Casey Alan Hixson
Hixson Law Office


COUNSEL FOR APPELLEE:

Christopher Todd Davenport
Broderick & Davenport, PLLC