RENDERED: DECEMBER 10, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0376-MR

JOHNATHAN CHARLES AHLF            APPELLANT

v.          APPEAL FROM WHITLEY CIRCUIT COURT
HONORABLE DAN BALLOU, JUDGE
ACTION NO. 17-CI-00597

KRISTEN NICOLE AHLF            APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellant, Johnathan Charles Ahlf ("Johnathan"), appeals the Whitley Circuit Court's order restoring joint custody and equal parenting time in favor of the Appellee, Kristen Nicole Ahlf ("Kristen"). After careful review of the record and law, we vacate and remand the matter for entry of written findings of fact and conclusions of law.

Johnathan filed a petition for dissolution of marriage in the Whitley Circuit Court on October 6, 2017. The trial court entered a decree of dissolution of marriage following a property settlement agreement between Johnathan and Kristen, leaving only the issues of child custody and parenting time to be decided by the court. Thereafter, the trial court scheduled a final hearing on those issues for April 18, 2019 before a domestic relations commissioner (DRC).

At the hearing, the DRC heard testimony from Johnathan, Kristen, two of their minor children, and the family's counselor, William Stevens. Johnathan testified to specific instances in which he alleged Kristen was physically and verbally abusive of both him and the children. Through their testimony, the two children largely corroborated Johnathan's allegations of abuse by Kristen. Stevens testified that the children had reported to him specific instances of physical and verbal abuse by Kristen against Johnathan and instances of neglect by Kristen against the children. Stevens also testified that each of the children had asked him to recommend that they primarily reside with Johnathan. In Kristen's testimony, she denied any allegation that she had ever been abusive to Johnathan or the children.

The DRC continued the matter for further proceedings, leaving in place a prior court order designating Johnathan as the children's primary residential guardian, and granting Johnathan custody of the children, subject only

to Kristen's right to supervised visitation. On August 22, 2019, the DRC held another evidentiary hearing in which testimony was heard from the family therapist, S. Joan Nantz, Ph.D. Dr. Nantz testified that the children had conveyed to her their fear of living with Kristen. She also testified that she believed Kristen's visitation time with the children should remain supervised.

The Whitley Circuit Court held an additional evidentiary hearing on September 26, 2019 in which the court heard testimony from Kristen's oldest biological son, Johnathan Hunter Ahlf ("Hunter").[1] Hunter's testimony corroborated previous testimony of specific instances in which Kristen was alleged to have been physically and verbally abusive of Johnathan and the children. During the September 26 hearing, the trial court expressed its belief that applicable statutes and the statutory preference for joint custody obligated the court to eventually grant joint custody and equal parenting time.

The trial court held a final evidentiary hearing on December 17, 2019. There, the court heard testimony from Kristen's personal counselor, Janice Grentz. Grentz recommended that Johnathan and Kristen be awarded equal parenting time. Stevens also testified at the hearing, largely restating his prior testimony and reiterating his recommendation that Kristen's parenting time be limited to a right of supervised visitation pending the completion of additional individual and family

---

[1] Hunter was 16 years old at the time of the hearing, but he has since reached the age of majority.

therapy. At the conclusion of the evidence at the hearing, the trial court gave an oral ruling from the bench granting joint custody, ordering equal parenting time, and directing the parties to continue counseling. The court also instructed Kristen's counsel to tender an order reflecting the court's ruling.

On December 18, 2019, the trial court adopted the written order drafted by Kristen's trial counsel which granted joint custody and ordered equal parenting time between the parties. Johnathan filed a motion to alter, amend, or vacate, pursuant to Kentucky Rules of Civil Procedure (CR) 59.05, arguing the trial court's written order did not sufficiently detail the court's findings of fact as required by CR 52.01. The trial court denied Johnathan's motion, and he now appeals.

On appeal, Johnathan argues that the trial court failed to enter a written order issuing its factual findings and legal conclusions in support of its decision to grant joint custody and equal parenting rights to Johnathan and Kristen. Johnathan claims he preserved this error for review when he raised the issue at the December 17, 2019 evidentiary hearing, filed his CR 59.05 motion, and tendered his own proposed findings of fact in a supplemental memorandum to that motion.

CR 52.01 provides that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment[.]"

-4-

Moreover, a court speaks only through its writings entered on the record. *Commonwealth v. Hicks*, 869 S.W.2d 35, 38 (Ky. 1994), *overruled on other grounds by Keeling v. Commonwealth*, 381 S.W.3d 248 (Ky. 2012). Therefore, we may only consider findings of fact and conclusions of law that have been specifically incorporated into a written order entered on the record. *Kindred Nursing Centers Ltd. Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010); *see also Oakley v. Oakley*, 391 S.W.3d 377, 378 (Ky. App. 2012).

The Kentucky Supreme Court has further emphasized the importance of the trial court's making written findings on the record in family law matters. "CR 52.01 requires that the judge engage in . . . fact-finding and that the found facts be included in a written order." *Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011). The Court reiterated this holding in *Keifer v. Keifer*:

> We again state with emphasis that compliance with CR 52.01 and the applicable sections of [Kentucky Revised Statutes (KRS)] Chapter 403 requires written findings, and admonish trial courts that it is their duty to comply with the directive of this Court to include in all orders affecting child custody the requisite findings of fact and conclusions of law supporting its decisions. Consideration of matters affecting the welfare and future of children are among the most important duties undertaken by the courts of this Commonwealth. In compliance with these duties, it is imperative that the trial courts make the requisite findings of fact and conclusions of law to support their orders.

354 S.W.3d 123, 125-26 (Ky. 2011).

The written order tendered by Kristen's counsel and adopted by the trial court contained no proposed factual findings or mention of the statutory considerations relative to child custody required by KRS Chapter 403. Therefore, the reasoning of the Kentucky Supreme Court in *Anderson* and *Keifer* applies squarely in this case. We are aware of no authority abrogating the requirements of *Anderson* and *Keifer* in child custody matters. The trial court's December 18, 2019 order does not meet those requirements.

The failure of the trial court to include its factual findings in a written order "allows an appellate court to remand the case for findings[.]" *Anderson*, 350 S.W.3d at 458. Accordingly, we remand this matter for the entry of written findings of fact and conclusions of law. Because we remand for procedural reasons, we do not reach and do not address the merits of Johnathan's substantive arguments on appeal.

For the foregoing reasons, we vacate the Whitley Circuit Court's December 18, 2019 order and remand this matter "with specific directions to enter an order that properly reflects in writing that court's findings of fact and conclusions of law based upon the evidence that was presented at the hearing[s] previously held." *Keifer*, 354 S.W.3d at 127.

ALL CONCUR.

BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Louis P. Winner             John A. Combs
Louisville, Kentucky      London, Kentucky