**Cory KEIFER, Appellant,**

v.

**Jaylynne KEIFER, Appellee.**

**No. 2010–SC–000694–DGE.**

Supreme Court of Kentucky.

Oct. 27, 2011.

---

Douglas E. Miller, Miller & Durham, Radcliff, KY, for Appellant.

Phyllis K. Lonneman, Dawn Lonneman Blair, Lonneman, Blair, Logsdon & Burnette, P.L.L.C., Elizabethtown, KY, for Appellee.

Opinion of the Court by Justice VENTERS.

In this case we address the sufficiency of an order modifying parental visitation, or "parenting time," established by a prior decree which dissolved the marriage of Cory Keifer and Jaylynne Keifer (now Berrier). The Court of Appeals reversed the order on the grounds that it failed to reflect any consideration of the factors set forth in KRS 403.270(2) relating to custody determinations, and remanded for "further proceedings," but gave no guidance as to the appropriate scope of such proceedings. We agree that the trial court's order was deficient because of its failure to include written findings in support of its custody determination, and thus we affirm the Court of Appeals on that point; however, we further remand to the trial court with specific directions for the entry of a new order that complies with our recent decision in *Anderson v. Johnson*, 350 S.W.3d 453 (Ky.2011), which requires that trial court opinions affecting child custody to state the court's findings in support of its decision in writing.

Cory and Jaylynne Keifer had two children prior to their divorce in 2008. The Hardin Family Court awarded joint custody of the children without specifically designating either party as the primary residential parent. However, the original decree provided that Cory was entitled to "parenting time" in accordance with the standard "visitation schedule" used by that court. The decree further provided that the parenting time schedule was based upon the then-current residences of the parties, and that if either party relocated to a different county or state under circumstances that would prevent compliance with the parenting time established in the decree, the parties would either submit an agreed order modifying the parenting schedule, or move for an order of modification. The effect of the decree was that the children resided primarily with their mother, Jaylynne, who was a soldier in the United States Army.

In July 2009, Jaylynne received orders to relocate to Fort Hood, Texas. She promptly filed a motion in the Hardin Family Court to modify the parties' parenting time. In due course, the court held an evidentiary hearing on the motion. At the conclusion of the hearing, the judge ruled that the decree would be modified so that the children would live primarily with Cory, and that Jaylynne would have parenting times in accordance with the Court's visitation schedule. The family court judge expounded at length on the reasons for her ruling, with several references to factors enumerated under KRS 403.270(2) and at least three acknowledgements that her decision was based on what she concluded to be in "the best interest of the children." Accordingly, by its oral rulings, the trial court made sufficient findings to comply with the requirements of KRS 403.270, 404.320, and CR 52.01.

At the conclusion of the judge's allocution, counsel for Cory agreed to draft an order reflecting the court's decision. A few days later, the following order was entered:

IT IS HEREBY ORDERED AS FOLLOWS:

That the parties shall continue to have joint custody of their two minor children, with neither party being designated as the primary residential parent.

Given [Jaylynne's] relocation to Ft. Hood, Texas, absent an agreement between the parties, she shall be entitled to parenting times which are consistent with the visitation schedule under HFCR 702.

[Cory's] child support obligation is terminated. Other than modified [sic] herein, the provisions of this Court's Final Order entered August 17, 2009 remain in full force and effect.

Shortly thereafter, Jaylynne appealed the order to the Court of Appeals, where two issues were addressed. The first issue was whether Jaylynne's appeal should have been dismissed because the notice of appeal was not served upon opposing counsel as required by CR 73.02(2). The second issue was whether the family court complied with KRS 403.270(2) and KRS 403.320(3) when it entered its modified visitation order.[1]

The Courts of Appeals concluded that, despite the deficient service of the notice of appeal, Cory's appellate counsel had actual notice of its filing. Applying the standard of substantial compliance established by this Court in *Johnson v. Smith*, 885 S.W.2d 944 (Ky.1994), the Court of Appeal's denied Cory's motion to dismiss the appeal. We agree. Further elaboration upon that issue in this opinion is unnecessary.

After disposing of that threshold issue, the Court of Appeals concluded that the written order entered by the family court failed to satisfy KRS 403.320(2)'s requirement that the modification of a visitation order be based upon the "best interest of the child." Correspondingly, the Court of Appeals also concluded that the family court's order was erroneous because it modified the existing visitation order without applying any of the factors set forth in KRS 403.270(2) for determining the best interest of the child. It reversed the trial court's order and remanded for "further proceedings" consistent with its opinion, without indicating what the nature of those further proceedings should be.

Cory now argues before this Court that the reversal of the trial court's order was erroneous because written findings of fact are not required when a trial court rules upon a motion to modify the visitation provisions of a prior decree. He further argues that even if written findings were necessary, Jaylynne failed to preserve the issue for appellate review because she did not follow the requirement of CR 52.04 that she request the trial court to make the specific findings.

■ We addressed these initial points in our recent decision in the case of *Anderson v. Johnson*, 350 S.W.3d at 454. There we held that in domestic relations cases, post-decree motions concerning visitation and timesharing modifications are "actions tried upon the facts without a jury" under CR 52.01, and therefore "CR 52.01 requires that the judge engage in at least a good faith effort at fact-finding and that the found facts be included in a *written* order." *Id.* (emphasis added). We again state with emphasis that compliance with CR 52.01 and the applicable sections of KRS Chapter 403 requires written findings, and admonish trial courts that it is their duty to comply with the directive of this Court to include in all orders affecting child custody the requisite findings of fact and conclusions of law supporting its decisions. Consideration of matters affecting

---

1. The Court of Appeals did not decide the issue as Jaylynne had framed it. She argued that the order modifying the decree was an abuse of discretion because it was not supported by the evidence presented. The Court of Appeals did not address the sufficiency of the evidence, and Jaylynne has not advanced that claim in this Court.

the welfare and future of children are among the most important duties undertaken by the courts of this Commonwealth. In compliance with these duties, it is imperative that the trial courts make the requisite findings of fact and conclusions of law to support their orders. Thus, we agree with the Court of Appeals that the order here was deficient and we reject Cory's argument that the trial court was not obligated to make written findings of fact when it ruled upon Jaylynne's motion.

■ Cory also argues that the Court of Appeals erred by reversing the trial court's order on account of its deficient fact findings because Jaylynne's failure to comply with CR 52.04 by requesting specific findings resulted in a waiver of that issue.[2] We also addressed that question in *Anderson* and concluded that a trial court's "[f]ailure to [make any of the statutorily required findings of fact] allows an appellate court to remand the case for findings, even where the complaining party failed to bring the lack of specific findings to the trial court's attention." *Id.* at 458. However in the instant case, while the written order entered by the trial court failed to reflect those findings of facts, and even failed to indicate compliance with the "best interest of the child" standard, the factual basis for the trial court's decision is not a mystery.

At the conclusion of the evidentiary hearing, the trial judge explicitly stated comprehensive findings, albeit orally instead of in writing, which indicated clearly that she was basing her decision on what she determined from the evidence to be in the children's best interest. She referenced facts pertinent to the applicable factors set forth in KRS 403.270(2). But for the use of a deficient and wholly inadequate written order, the judge complied with her duty to make findings of fact, at least in substance if not in form. As emphasized above, the trial judge's duty is not satisfied until the findings have been reduced to writing. Nevertheless, we need not ignore findings of fact and conclusions of law orally issued from the bench at the end of the hearing to inform us as to the trial court's *ratio decidendi.*

Notwithstanding our conclusion that the trial court's rationale is readily determinable from the record, we state again that compliance with CR 52.01 and the applicable sections of KRS Chapter 403 requires *written* findings. We do not expect the appellate courts of this state to search a video record or trial transcript to determine what findings the trial court might have made with respect to the essential facts. Moreover, the final order of the trial court, especially in family law cases, often serves as more than a vehicle for appellate review. It often becomes a necessary reference for the parents and third parties, such as school officials, medical providers, or other government agencies with responsibilities requiring knowledge of the facts determined by the trial court. The judges presiding over family law matters must be mindful of the ramifications of their written orders. A bare-bone, conclusory order such as the one entered here, setting forth nothing but the final outcome, is inadequate and will enjoy no presumption of validity on appeal.[3]

In summary, we affirm the decision of the Court of Appeals with respect to the

---

**2.** CR 52.04 provides, "A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02."

**3.** It has been suggested that our decision in *Commonwealth v. Alleman,* 306 S.W.3d 484, 484–485 (Ky.2010) is authority for the view that oral findings preserved on video record

inadequacy of the order. However, we conclude upon review of the record that adequate findings were made from the bench at the conclusion of the hearing. Nevertheless, in order to comport with the mandatory requirements of *Anderson*, we are constrained to remand the cause to the Hardin Family Court for entry of a new order setting forth in writing the trial court's findings of fact and conclusions of law. In compliance with this mandate, the family court may substantially rely upon its discussion from the bench at the conclusion of the evidentiary hearing.

Accordingly, we remand this matter to the Hardin Family Court with specific directions to enter an order that properly reflects in writing that court's findings of fact and conclusions of law based upon the evidence that was presented at the hearing previously held.

All sitting. All concur.

---

will serve as the equivalent of written findings. That view is a misreading of *Alleman*, which held only that such oral findings satisfied the probationer's federal due process right to know the basis upon which his probation was revoked and to enable him to argue the sufficiency of those facts on appeal. The issue here is not constitutional due process, but compliance with the requirements of KRS Chapter 403 and our Civil Rules for *written* findings of fact and conclusions of law. In *Alleman*, we discerned no error. Here, the failure to provide written finding is error, which, as noted, may be cured upon remand.