RENDERED: SEPTEMBER 30, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0013-MR

CHRISTOPHER FENNER                                          APPELLANT

v.
                    APPEAL FROM SHELBY FAMILY COURT
                    HONORABLE S. MARIE HELLARD, JUDGE
                    ACTION NO. 14-CI-00226

DESIREE FENNER                                                APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; JONES AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE: Christopher Fenner appeals from an order of the

Shelby Family Court which denied his motion to modify an agreed order regarding

his visitation with his child. The motion also requested immediate visitation with

the child. Appellant argues that the trial court erred in not holding a hearing. We

agree; therefore, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The facts of this case are not entirely relevant as the issue being appealed is one of law: whether Appellant was entitled to a hearing when he moved to modify his visitation. In July of 2020, Appellant and Desiree Fenner entered into an agreed order that Appellant would not have visitation with their child until certain conditions revolving around Appellant's mental health were met. Soon after that order was entered, Appellant moved to modify the terms of the agreed order. That motion was summarily denied by the court.

Then, in November of 2021, Appellant moved again to modify the terms of the agreed order, but also sought immediate visitation rights. In other words, he sought to modify his visitation rights. Even though Appellant specifically requested a hearing, his motion was again summarily denied by the trial court. The trial court also awarded Appellee attorney fees in the amount of $825.00. This appeal followed.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in denying his motion without a hearing and in awarding Appellee attorney fees. As to the hearing issue, we agree with Appellant. When a parent moves to modify his or her visitation rights, a hearing is mandatory. *Anderson v. Johnson*, 350 S.W.3d 453, 456-57 (Ky. 2011); *Miranda v. Miranda*, 536 S.W.3d 196, 200-01 (Ky. App.

2017); *McNeeley v. McNeeley*, 45 S.W.3d 876, 877-78 (Ky. App. 2001). The lack of a hearing in this case was erroneous. Additionally, the trial court's order denying Appellant's motion to modify his visitation set forth no findings of fact and no conclusions of law. This too was erroneous. A trial court must make the requisite findings of fact and conclusions of law when dealing with issues related to child custody and visitation. Kentucky Rules of Civil Procedure (CR) 52.01; *Keifer v. Keifer*, 354 S.W.3d 123, 125-26 (Ky. 2011).

As to the attorney fees, because we are reversing and remanding for a hearing, we must also reverse the award of attorney fees. After the hearing, the court may once again determine if an award of attorney fees is appropriate.

## **CONCLUSION**

Here, Appellant's motion to modify his visitation was denied without a hearing and without the necessary findings of fact and conclusions of law; therefore, we must reverse and remand for further proceedings. We also reverse the trial court's award of attorney fees and direct the trial court to take the issue under advisement again after the required hearing.

CLAYTON, CHIEF JUDGE, CONCURS.

JONES, JUDGE, CONCURS IN RESULT AND FILES SEPARATE OPINION.

-3-

JONES, JUDGE, CONCURRING IN RESULT:  I write separately to express my grave concern about the delays in this case.  A hearing to address Appellant's request for therapeutic visitation with the child was first scheduled to take place in September 2016; despite the passage of almost six years, no hearing has taken place to date.  The child would have been six at the time of the first scheduled hearing.  He is now twelve.  The hearing was first delayed for the purpose of securing a report from Dr. Ebben.  Dr. Ebben tendered his report in May 2017, over five years ago, and a hearing was rescheduled for September 13, 2018.  However, that hearing was postponed so the family court could obtain yet another report.  Dr. Berla was ordered to prepare a second report on October 3, 2018, which resulted in another fifteen-month delay.

While I recognize that it is important for family courts to have sufficient expert opinions available, it is equally important, when the lives of children are involved, to minimize delays whenever possible.  Certainly, I do not know the record as well as the family court but it seems that perhaps a better course might have been to have Dr. Ebben prepare a supplemental report to minimize the delay caused by appointing a new expert unfamiliar with the parties and the issues.  And, at a certain point, as jurists we must recognize that justice delayed in the name of gathering additional information becomes justice denied.

Equally troubling to me is the insinuation that a hearing would have served no purpose. A hearing is fundamental to the notions of due process at the foundation of our judicial system and creates a record which is capable of review by the appellate courts. Although Appellant entered into an agreed order which theoretically vitiated the need for a hearing, the terms of the agreed order ultimately proved impossible to meet. Given the impossibility of compliance, the family court should have voided the agreed order and scheduled the requested hearing without delay.

I have no opinion on the ultimate outcome of Appellant's request; much will likely depend on the testimony of various witnesses under both direct and cross-examination as well as the introduction of exhibits and other records. It is premature to speculate how such a hearing might turn out. What is clear is that conducting the requested hearing should be a matter of the highest priority. Only then can this family move toward a final resolution of this matter and begin the final stage of the healing process, which for so long has remained in a state of limbo.

BRIEFS FOR APPELLANT:

Charles D. Brown, Jr.
Abby L. Braune
Louisville, Kentucky

BRIEF FOR APPELLEE:

Briana Geissler Abbott
Louisville, Kentucky

J. Gregory Troutman
Louisville, Kentucky