RENDERED: SEPTEMBER 30, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0213-ME

ANTHONY FOUNTAINE                                 APPELLANT

v.                  APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE JASON S. FLEMING, JUDGE
ACTION NO. 21-D-00630-001

PAMELA JEAN FOUNTAINE                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND MAZE, JUDGES.

MAZE, JUDGE: Anthony Fountaine (Anthony) appeals from a Domestic

Violence Order (DVO) entered by the Christian Family Court in favor of Pamela

Jean Fountaine (Pamela). Anthony argues that the family court failed to make

sufficient written findings and that the DVO was not supported by substantial

evidence meeting the statutory requirements. We conclude that the family court's findings were sufficient and supported by substantial evidence. Hence, we affirm.

On December 23, 2021, Pamela filed a petition for an order of protection. The petition alleged:

> On December 21, 2021[,] we were driving to Nashville when a road rage event happened. My husband was driving, I thought he was going to crash. A weapon was involved in this incident.
>
> He has not been taking his medication and he has a violent temper.
>
> The Oak Grove Police was called to our residence in August by our daughter as well.
>
> I am fearful of our safety when he is checked out of the VA mental hospital psych ward.

The family court granted an emergency protective order (EPO) and scheduled the matter for a hearing on January 4, 2022. At the hearing, Pamela described the incident which occurred on December 21, 2021, while they were driving to Nashville for a doctor's appointment. Pamela testified that Anthony became aggressive with another driver. He drove recklessly and at a high rate of speed, and he fired a gun through the window at the other car.

Pamela testified about another incident in August 2021. Pamela testified that they had both been drinking and he became violent and threatening with her. He did not strike her because their daughter got between them. After the

-2-

road-rage incident, Anthony went to the Veterans Administration (VA) Hospital for observation but was discharged after five days. Pamela stated that he stopped taking his medication and she remains fearful of him because he has struck her before. She also stated that Anthony has been verbally abusive and threatening.

Regarding the road-rage incident, Anthony testified that the driver of the other vehicle became aggressive with him. He stated that Pamela never seemed afraid of him after the incident. However, he checked himself into the VA Hospital after that incident and he is actively seeking treatment and taking his medications. Regarding the August 2021 incident, Anthony admitted that they argued while they had been drinking, but he denied ever threatening her. Anthony further stated that he has never threatened or struck Pamela.

The family court found that the "road rage" incident did not qualify as an act of domestic violence because, "while scary," it was not directed at Pamela but at the other driver. However, the court found that Pamela's testimony about the other incidents was sufficient to meet the definition of domestic violence. Consequently, the family court granted the DVO for a two-year period, restraining Anthony from further acts of domestic violence. The court did not issue a no-contact order but required Anthony to vacate the residence. The court also set up Anthony's visitation with their daughter. Anthony now appeals from the entry of the DVO.

KRS[1] 403.740(1) authorizes a court to issue a DVO if it "finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" Our standard of review is set out in *Caudill v. Caudill*, 318 S.W.3d 112 (Ky. App. 2010), as follows:

> The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence. *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007). The definition of domestic violence and abuse, as expressed in KRS 403.720[(2)], includes "physical injury, serious physical injury, [stalking], sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members . . . ." The standard of review for factual determinations is whether the family court's finding of domestic violence was clearly erroneous. CR[2] 52.01; *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986). Findings are not clearly erroneous if they are supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). "[I]n reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the findings of the trial judge were clearly erroneous or that he abused his discretion." *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982) (citation omitted). Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary or capricious. *Kuprion v. Fitzgerald*, 888 S.W.2d 679, 684 (Ky. 1994) (citations omitted).

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

While "domestic violence statutes should be construed liberally in favor of protecting victims from domestic violence and preventing future acts of domestic violence[,]" *Barnett v. Wiley*, 103 S.W.3d 17, 19 (Ky. 2003), "the construction cannot be unreasonable." *Id.* (citing *Beckham v. Board of Education of Jefferson County*, 873 S.W.2d 575, 577 (Ky. 1994)). Furthermore, we give much deference to a decision by the family court, but we cannot countenance actions that are arbitrary, capricious or unreasonable. *See Kuprion*, 888 S.W.2d at 684.

*Id.* at 114-15.

Anthony first argues that the family court failed to make sufficient written findings to support entry of a DVO. A court is obligated to make specific written findings to support entry of a DVO. *Castle v. Castle*, 567 S.W.3d 908, 916 (Ky. App. 2019) (citing *Thurman v. Thurman*, 560 S.W.3d 884, 887 (Ky. App. 2018)). Under the circumstances, we conclude that the family court's findings are sufficient.

First, we note that in issuing a protective order, only the "essential facts" are required. *Smith v. McCoy*, 635 S.W.3d 811, 817 (Ky. 2021) (quoting *Keifer v. Keifer*, 354 S.W.3d 123, 126 (Ky. 2011)). Specifically, the family court is required to find "(1) whether an act of domestic violence and abuse, dating violence and abuse, stalking, or sexual assault has occurred, and (2) whether it may occur again." *Id.* "Any additional factual findings the trial court makes in issuing a protective order are merely supporting those ultimate factual findings and are not

'essential.'" *Id.* Here, the family court made both of these findings in writing on AOC Form 275.3.

And unlike in *Castle* and *Thurman*, the family court made written findings on its docket page, which were incorporated by reference into the DVO. *See also Robbins v. Meeker*, No. 2016-CA-000302-ME, 2017 WL 242671, at *2 (Ky. App. Jan. 20, 2017). Nevertheless, Anthony argues that the written findings do not identify any specific acts of domestic violence which were sufficient to support entry of the DVO. We conclude that this argument goes more to the sufficiency of the evidence than the adequacy of the family court's written findings.

As discussed above, the family court found that Pamela's testimony about the road-rage incident did not establish domestic violence within the meaning of KRS 403.720(2). We note that the definition of "domestic violence" in KRS 403.720(2)(b) includes, "the infliction of fear of such imminent conduct, taken against a domestic animal when used as a method of coercion, control, punishment, intimidation, or revenge directed against a family member or member of an unmarried couple who has a close bond of affection to the domestic animal[.]" Consequently, acts directed at third-party family members or pets may meet the definition of domestic violence. Pamela's testimony regarding the road-

rage incident does not involve any such intimidation against one of these third parties.

Rather, the family court found domestic violence based upon Pamela's testimony about other incidents. Pamela testified that Anthony threatened her during the August 2021 incident. However, the incident did not escalate to physical violence because their daughter stepped between them.

In *Hohman v. Dery*, 371 S.W.3d 780 (Ky. App. 2012), this Court held that such physically aggressive confrontations may be sufficient to show that the victim was placed in reasonable fear of imminent domestic violence. *Id.* at 782-83. We conclude that the family court could properly rely on this incident to find that an act of domestic violence had occurred. And while the evidence regarding this incident was conflicting, the family court was entitled to give greater weight to Pamela's testimony. *See also Bissell v. Baumgardner*, 236 S.W.3d 24, 29-30 (Ky. App. 2007).

Pamela also testified that Anthony had struck her in the past, but she did not state when this occurred. Anthony argues that the family court could not enter a DVO based on this incident without more specific evidence. But since the family court properly relied on the August 2021 incident, we conclude that the more specific findings regarding other incidents were not necessary.

Furthermore, KRS 403.740(1) also requires a court to find that acts of "domestic violence . . . may again occur." In making this assessment, a court must "consider the totality of the circumstances and weigh the risk of future violence against issuing a protective order." *Pettingill v. Pettingill*, 480 S.W.3d 920, 925 (Ky. 2015). The "totality of the circumstances" may include other, unrelated conduct indicating a propensity toward the recurrence of domestic violence.

Here, Pamela's undated allegation that Anthony had struck her and her testimony about the December 2021 road-rage incident were relevant to establish that Pamela had a reasonable fear of additional domestic violence. When considered with Anthony's threatening behavior during the August 2021 incident, there was substantial evidence to support the family court's conclusion that domestic violence may again occur. Therefore, we find no basis to set aside the DVO.

Accordingly, we affirm the DVO entered by the Christian Family Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Ryan Robey                               Mark A. Gilbert
Lexington, Kentucky                      Hopkinsville, Kentucky