RENDERED: JUNE 14, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0721-MR

AUSTIN THOMAS MCCORMACK                                   APPELLANT

v.
APPEAL FROM RUSSELL CIRCUIT COURT
HONORABLE DAN KELLY, SPECIAL JUDGE
ACTION NO. 19-CI-00214

MADISON TAYLOR MCCORMACK
(NOW ALLEN)                                               APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE: Austin McCormack appeals from the Russell Circuit Court's

order modifying the custody and timesharing of his minor child with Madison

McCormack (now Allen). We agree with Austin that the trial court's order was

deficient because it failed to include written findings supporting its custody and

timesharing modifications. Thus, we vacate the order and remand to the trial court

with directions for the entry of a new order that complies with the Kentucky

Supreme Court's decisions in *Anderson v. Johnson*, 350 S.W.3d 453 (Ky. 2011), and *Keifer v. Keifer*, 354 S.W.3d 123 (Ky. 2011).

## FACTUAL AND PROCEDURAL BACKGROUND

Austin and Madison married in 2016 and had one minor child born in 2018. Madison petitioned for a dissolution of the marriage in August 2019. The parties entered into a separation agreement providing for joint custody of the child, with Madison as the child's primary custodian. The parties further agreed that Austin would have timesharing every other weekend and one overnight visit each week. Austin also agreed to pay $185.72 per month in child support. In November 2019, the court approved the parties' separation agreement and entered a decree of dissolution.

In April 2021, Madison moved the court to require Austin to submit to random drug screens and for the supervision of his timesharing. The court granted the motion, and Austin submitted to a hair follicle drug screen in May 2021, which was negative. Additionally, the court ordered that Austin's parents supervise his timesharing visits with the child.

Madison filed a motion with the circuit court on November 17, 2022, to grant her sole custody of the child and to suspend Auston's timesharing arrangement. The circuit court heard the motion to modify on May 10, 2023, with Austin participating *pro se* through Zoom. The court took testimony from the

parties, and at the conclusion of the hearing, Austin requested a continuance to retain an attorney. The trial court stated the following:

> Let me tell you what the court is inclined to do. You have a certain responsibility here if you want some action by the court. And Ms. Allen has done what is necessary to bring change. She has filed the proper paperwork in court and she is here and has presented her evidence and she has raised some serious concerns in the mind of the court about the welfare of the child.
>
> . . .
>
> So, what I'm going to do is, at this time, I'm going to change the joint custody to primary custody in the mother. And I'm going to leave the issue of visitation to the mother. If you determine that some level of visitation is appropriate and you're agreeable to it, you can do that. And if that doesn't happen, Mr. McCormack, if you all aren't able to reach any agreement, you're gonna have to come forward with some proof. And the proof that I'm looking for would be an expert. A child psychologist, a social worker, somebody who would interview the child and interview you, and interview Ms. [Allen], and then tell the court. And that person can help the court determine whether or not, as you say, things aren't being presented accurately. It will be the responsibility of the mother to make sure the child goes to wherever this interview by a child psychologist will be set up, but it has to be set up in this area and you are the one who has to arrange it and pay for it.

> The docket sheet from the May 10, 2023, hearing provided in its

entirety:

> Custody modified to sole custody w/ mother.
> Visitation w/in mother's discretion.

> If Father arranges for an evaluation by local child
> counselor mother must make that happen. Father to pay
> costs.

Thereafter, the circuit court entered a written order on May 18, 2023, granting Madison's motion for sole custody and suspending Austin's timesharing. The court made no findings of fact or analysis in its order and failed to discuss any changed circumstances or the child's best interests pursuant to the custody decree modification statute, Kentucky Revised Statute ("KRS") 403.340(3). Further, the court did not discuss the serious concerns it had alluded to at the conclusions of the hearing. This appeal followed.

## ANALYSIS

Austin's primary argument on appeal is that the trial court failed to make the required findings of fact and conclusions of law to modify custody and timesharing in this case. When considering a custody modification motion made more than two (2) years after the custody decree's date, a court must make specific findings that warrant a change in custody. KRS 403.340(3). The findings include whether a change in the child's or custodian's circumstances has occurred and whether a modification would be in the child's best interests pursuant to KRS 403.270. KRS 403.340(3). The court must make a good-faith effort to make the findings, and the findings must be included in a written order. *Murry v. Murry*,

418 S.W.3d 432, 435-36 (Ky. App. 2014) (citing *Anderson*, 350 S.W.3d at 458 and

*Keifer*, 354 S.W.3d at 125-26).

"Visitation, [or timesharing] . . . can be modified upon proper

showing, at any time . . . pursuant to KRS 403.320" based on the child's best

interests. *Pennington v. Marcum*, 266 S.W.3d 759, 767 (Ky. 2008). Indeed, "[t]he

court may modify an order granting or denying visitation rights whenever

modification would serve the best interests of the child; but the court shall not

restrict a parent's visitation rights unless it finds that the visitation would endanger

seriously the child's physical, mental, moral, or emotional health." KRS

403.320(3). Again, such findings must be made in writing by the court. *Keifer*,

354 S.W.3d at 126-27.

> The Kentucky Supreme Court has:
>
> state[d] with emphasis that compliance with [Kentucky
> Rule of Civil Procedure ("CR")] 52.01 and the applicable
> sections of KRS Chapter 403 requires written findings,
> and admonish trial courts that it is their duty to comply
> with the directive of this Court to include in all orders
> affecting child custody the requisite findings of fact and
> conclusions of law supporting its decisions, [as]
> [c]onsideration of matters affecting the welfare and
> future of children are among the most important duties
> undertaken by the courts of this Commonwealth.

*Keifer*, 354 S.W.3d at 125-26.

Moreover, even when a trial court makes oral findings from the

bench, "the trial judge's duty is not satisfied until the findings have been reduced

to writing." *Id*. at 126.  Additionally, a court's "[f]ailure to [make any of the statutorily required findings of fact] allows an appellate court to remand the case for findings, even where the complaining party failed to bring the lack of specific findings to the trial court's attention." *Anderson*, 350 S.W.3d at 458.

In this case, the trial court's written order modifying Austin's custody and visitation rights failed to reflect any findings of facts or to indicate compliance with the "best interest of the child" standard.  While the trial court may have made some oral findings from the bench, as already discussed, "the trial judge's duty is not satisfied until the findings have been reduced to writing."  *Keifer*, 354 S.W.3d at 126.  Thus, we agree that the order here was deficient, as the trial court was obligated to make written findings of fact when it ruled upon Madison's motion. "A bare-bone, conclusory order such as the one entered here, setting forth nothing but the final outcome, is inadequate and will enjoy no presumption of validity on appeal." *Id*. (footnote omitted).

## CONCLUSION

Because the trial court did not reduce its findings and conclusions of law to writing, we vacate the trial court's order and remand to the trial court to enter a new order that complies with KRS 403.340 and KRS 403.320.


ALL CONCUR.


-6-

BRIEF FOR APPELLANT:

Cameron C. Griffith
Lebanon, Kentucky

BRIEF FOR APPELLEE:

Donald L. Wilkerson
Somerset, Kentucky