RENDERED:  JULY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0506-MR

ERNEST RODRIGUEZ                                 APPELLANT

v.              APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE G. DENISE BROWN, JUDGE
ACTION NO. 18-CI-502861

MONICA QUIGGINS AND                        APPELLEES
KIMBERLY WITHERS DALEURE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND MᴄNEILL, JUDGES.

MᴄNEILL, JUDGE:  Ernest Rodriguez ("Rodriguez") appeals from a Jefferson Family Court order denying his motions to modify custody and parenting time. Finding no error, we affirm.

Rodriguez and Monica Quiggins ("Quiggins") are the natural parents of E.Q., age nine.  The parties were never married and until 2021 resided in separate states.  In 2018, Quiggins filed a custody petition in Jefferson Family

Court and was awarded sole custody. This decision was based primarily on the parties' acrimonious relationship and inability to co-parent. Because he lived in Texas, Rodriguez was given limited parenting time; he was also ordered to pay child support.

In 2021, Rodriguez relocated to Louisville, Kentucky, and filed a motion to modify parenting time. The Court increased Rodriguez's parenting time to every other weekend, plus every Thursday overnight. Subsequently, Rodriguez moved for shared custody and equal parenting time. Quiggins filed a motion for attorney fees.

At the hearing on the motions, it was evident the parties still struggled with co-parenting. Both parties accused the other of interfering with parenting time and phone contact with the child. Rodriguez stated he filed the motion to modify custody and parenting time because he wanted more time with his daughter. He expressed concern for the child's safety and wellbeing, alleging Quiggins lacked suitable housing and stable employment.

Following the hearing, the family court entered detailed findings of fact and conclusions of law, denying Rodriguez's request for shared custody and equal parenting time. It also granted Quiggins's motion for attorney fees. The family court found Rodriguez's testimony was not credible and ruled it was not in the child's best interest to modify custody or parenting time. This appeal followed.

Trial courts are "vested with broad discretion in matters concerning custody and visitation." *Jones v. Livesay*, 551 S.W.3d 47, 51 (Ky. App. 2018) (citations omitted). As such, our review of such issues is limited to whether the family court's factual findings were clearly erroneous or whether it abused its discretion. *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982). "Furthermore, [d]ue regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Layman v. Bohanon*, 599 S.W.3d 423, 431-32 (Ky. 2020) (internal quotation marks and citation omitted).

Before considering Rodriguez's arguments, we must address the issue of preservation. His appellate brief fails to make "reference to the record showing whether the [arguments were] properly preserved for review and, if so, in what manner" as required by RAP[1] 32(A)(4). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

---

[1] Kentucky Rules of Appellate Procedure.

Lacking an adequate preservation statement, we limit our review of Rodriguez's arguments to the palpable error standard of CR[2] 61.02. *See Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021) (internal quotation marks and citation omitted) ("If a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as unpreserved. Appellate courts review[ ] unpreserved claims of error on direct appeal only for palpable error."). "A palpable error must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings. Thus, what a palpable error analysis 'boils down to' is whether the reviewing court believes there is a 'substantial possibility' that the result in the case would have been different without the error." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006) (citations omitted).

Rodriguez first argues the family court's findings are inadequate because it failed to reference the KRS[3] 403.270(2) best interest factors when denying his motions to modify custody and parenting time. Because the court "did not reference the factors set out in KRS 403.270," he claims, it "certainly did not weigh them." We disagree.

---

[2] Kentucky Rule of Civil Procedure.

[3] Kentucky Revised Statutes.

-4-

CR 52.01 requires a trial court to make written findings of fact and conclusions of law to support its orders. *See Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011); *Keifer v. Keifer*, 354 S.W.3d 123, 125 (Ky. 2011). When determining whether a modification of custody or parenting time is in a child's best interest, KRS 403.270(2) requires a court to consider "all relevant factors," including the wishes of the child's parents; the interrelationship of the child with her parents; the motivation of the adults participating in the custody proceeding; the child's adjustment to her home, school, and community; the mental and physical health of all individuals involved; and evidence of any domestic violence. Although the family court did not specifically reference the KRS 403.270 best interest factors when denying the motions to modify custody and parenting time, we are convinced it properly considered them. The family court's findings of fact clearly relate to the statutory best interest factors.

For instance, as to the wishes of the parents, the family court found both parents did not believe they could co-parent together, based on each other's behavior. It also noted Rodriguez desired more parenting time while Quiggins objected. Concerning the interrelationship of the child to the parties, the court found that due to the parties' poor communication, the child missed a doctor's appointment. Rodriguez also prevented the child from attending her birthday party and extracurricular activities because they occurred during his parenting time. The

child also missed school while in Rodriguez's care, as well as arrived at school with unfinished homework and wearing clothing that violates the school's dress code.

As to the motivation of the parties, the court detailed the parties' inability to communicate and history of conflict over "phone contact with the child, the return of the child's clothing and school items, the parenting schedule, and exchange locations." The court also noted Rodriguez had a history of not following court orders in the case, including failing to comply with the parenting schedule. It concluded Rodriguez "simply refused to return the child to [Quiggins] based on his desire to keep the child from [her]." It further found his safety concerns regarding Quiggins's parenting not credible, as he had made similar allegations in the past, unsupported by evidence.

Regarding the child's adjustment to her home, school, and community, the court found the child has resided primarily with Quiggins since birth, performs well in school, has made friends, and has no behavioral issues. Further, the court noted that neither party reported any mental health issues with the child. Finally, the court found the parties have a history of domestic violence.

Based on these (and other) findings, the court concluded that shared custody and equal parenting time were not in the child's best interest. We are satisfied the court sufficiently considered the statutory best interest factors when

determining whether to modify custody and visitation. Rodriguez cites *Carr v. Carr*, No. 2019-CA-1780-MR, 2022 WL 22628809, at \*17 (Ky. App. Mar. 18, 2022), *review denied and ordered depublished* (Aug. 10, 2022), and argues the findings in that case were considerably more detailed and yet our Court found them lacking. However, *Carr* is unpublished and easily distinguishable. The issue in *Carr* was not the insufficiency of the findings generally, but the lack of findings supporting a specific conclusion: that the presumption of equal parenting time had been rebutted. Here, the family court's findings supported its conclusion that equal custody and shared parenting time were not in the child's best interest.

In challenging the sufficiency of the family court's findings, Rodriguez also claims it failed to craft a parenting schedule that maximizes each party's parenting time. This language, however, is from KRS 403.270, the statute governing initial custody determinations, whereas Rodriguez filed motions to modify custody and parenting time. He contends the court gave "no reasons as to why the schedule it implemented is appropriate or how E.Q.'s welfare would be harmed by any additional, but less than equal, time with [Rodriguez]." We construe this as an argument that the family court's modification of timesharing was less than reasonable.

"[T]he family court has broad discretion in modifying timesharing." *Layman*, 599 S.W.3d at 431 (citation omitted). Under KRS 403.320(3), "a court

-7-

can modify timesharing if it is in the best interests of the child, but it can only order a 'less than reasonable' timesharing arrangement if the child's health is seriously endangered." *Layman*, 599 S.W.3d at 429. Thus, the question on appeal is whether the modified timesharing arrangement was reasonable. *Id.* at 432. "There is no set formula for determining whether a modified timesharing arrangement is reasonable; rather, it is a matter that must be decided based upon the unique circumstances of each case." *Id.* A modified arrangement is not less than reasonable simply because a parent has less time with the child than under the original arrangement. *Id.*

Here, the family court denied Rodriguez's request for equal parenting time,[4] keeping the parties' timesharing schedule generally the same. Rodriguez would have the child every other weekend from Friday evening to Sunday evening, but would no longer have her every Thursday overnight. The court concluded equal parenting time was not in the child's best interest due to the parties' inability to co-parent. It felt the parents' continual conflict over minor issues, such as the child's belongings being returned and extracurricular activity attendance, would only increase with equal parenting time, to the child's detriment. The court also noted Quiggins had been the child's primary caregiver since birth and Rodriguez

---

[4] We note that, technically, the court granted the motion to modify parenting time, establishing a parenting schedule for the holidays as requested by Rodriguez. However, it found equal parenting time was not in the best interest of the child.

had not met his burden of showing that equal parenting time, a significant schedule change, was in the child's best interest.

We think the family court's modified timesharing arrangement was reasonable. Despite Rodriguez's claim, it is evident from the court's findings why it declined to award additional parenting time. The court found Rodriguez had a history of failing to comply with the parenting time schedule, including withholding the child from Quiggins, removing the child from Kentucky without a court order, and traveling with the child under an alias. It noted Thursday overnight visitation had resulted in issues with the child's schooling, including missed school, incomplete homework, and dress code violations. Under these circumstances, we cannot say the family court ordered less than reasonable timesharing.

Rodriguez's final argument – that the family court erred in awarding Quiggins $7,500 in attorney fees – is underdeveloped and wholly conclusory. Under KRS 403.220, "after a trial court considers the parties' financial resources, it may order one party to pay a reasonable amount of the other party's attorney's fees." *Smith v. McGill*, 556 S.W.3d 552, 556 (Ky. 2018). "[I]f the parties' resources are disparate, the trial court enjoys a broad discretion under the statute to allocate costs and award fees, including wide latitude to sanction or discourage conduct and tactics which waste the court's and attorneys' time." *Rumpel v.*

*Rumpel*, 438 S.W.3d 354, 363 (Ky. 2014) (internal quotation marks and citations omitted).

Here, the family court followed the statute and considered the financial resources of the parties. It found Rodriguez had superior resources and had used those resources to file motions to modify custody and parenting time based upon unsupported allegations. It noted it had awarded attorney fees in the past based upon a prior finding that Rodriguez had filed a motion to modify custody solely to harass Quiggins and increase her attorney fees. "Because the trial court followed the dictates of the statute, it did not err in its award of attorney's fees." *Smith*, 556 S.W.3d at 556.

Therefore, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Allison S. Russell
Louisville, Kentucky

BRIEF FOR APPELLEE:

Armand I. Judah
Louisville, Kentucky