RENDERED:  AUGUST 22, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0762-ME

TREVOR AMMERMAN							APPELLANT


APPEAL FROM BOONE FAMILY COURT
v.			HONORABLE KENDRA L. MCCARDLE, JUDGE
ACTION NO. 24-D-00133-001


TARA DRURY; D.S., A CHILD; E.S.,						APPELLEES
A CHILD; L.S., A CHILD; AND W.A.,
A CHILD


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Trevor Ammerman appeals from a May 22, 2024, Domestic Violence Order (DVO) entered by the Boone Family Court.  For the reasons stated, we affirm.

## BACKGROUND

Ammerman and Tara Drury dated off and on for six years, and have a child, W.A., from their relationship.  They were living apart when Drury filed a

petition for a DVO and an emergency protective order (EPO) in the Boone Family Court on April 25, 2024, for herself and on behalf of her children.[1] In her petition, she first recounted that Ammerman showed up at her residence during the night of April 18, 2024, and refused to leave. Ammerman threatened to remove W.A. from her residence. Ammerman showed up again at her home a few days later "bruised and bloody" from a bar fight and was later arrested at the residence. Record at 6. Drury further alleged that for years Ammerman had physically abused and manipulated her. Drury asserted that Ammerman had broken her arm during a fight, strangled her, and punched her previously. She recounted instances of violence, reckless driving and property damage which she asserted occurred in the presence of her children. She stated that she had recently filed for sole custody of their child and knew Ammerman would be angry about this. She feared that based on his long history of physical abuse and harassment that he would break into her house to harm her.

On April 25, 2024, the Boone Family Court granted the EPO. The court restrained Ammerman from committing any acts of abuse or threats of abuse, from disposing of or damaging property of the parties, from any unauthorized contact with Drury or the children, including no third-party contact,

[1] Tara Drury resides in Burlington, Kentucky, and Trevor Ammerman was residing in Michigan when the petition was filed. Their child, W.A., resided with Drury along with three other children from a previous marriage.

and from going to Drury's residence except to retrieve personal belongings with law enforcement present.

The hearing on the DVO was held on May 22, 2024. Present were Drury, represented by counsel, a guardian *ad litem* appointed for the minor children, and Ammerman, acting *pro se*. Each of the parties testified. At the close of the hearing, the court found for Drury and entered a DVO on May 22, 2024, to last three years. Persons protected by the order were Drury and her four children named within, including W.A.

The court found that acts of domestic violence and abuse had occurred and may occur again. In supplemental findings, the judge wrote:

> Find petitioner's testimony more credible, numerous instances of dv, prop[erty] damage, strangulation, occurred in front of children; Pet[itioner] has been caused physical injury – and resp[ondent] testimony not to be credible and contradicted[.]

Record at 31. The DVO extended the orders restraining Ammerman from any contact or communication with Drury or her children, with the exception that Ammerman would have supervised parenting time with W.A. in the presence of an agreed upon supervisor. The court awarded temporary custody of W.A. to Drury. The court also referred Ammerman to the Cabinet for Health and Family Services (Cabinet) to "obtain a mental health and substance abuse assessment[.]" He was

further ordered to follow the Cabinet's recommendations and to "complete parenting classes." Record at 32.

On appeal, Ammerman argues that Drury's motive for filing the DVO was to improperly obtain leverage in the custody dispute over W.A. Ammerman argues this Court should vacate the DVO because it was filed solely for the purpose of manipulating the custody proceeding. Ammerman further contends that the family court's findings were not supported by sufficient evidence. Our review proceeds accordingly.

## STANDARD OF REVIEW

A family court may issue a DVO if it "finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" KRS 403.740(1).

> The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence. *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007). The definition of domestic violence and abuse, as expressed in KRS 403.720(1), includes "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members. . . ." The standard of review for factual determinations is whether the family court's finding of domestic violence was clearly erroneous. CR 52.01; *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986). Findings are not clearly erroneous if they are supported by substantial evidence. *Moore v. Asente,* 110 S.W.3d 336, 354 (Ky. 2003). "[I]n reviewing the

-4-

decision of a trial court the test is not whether we would have decided it differently, but whether the findings of the trial judge were clearly erroneous or that he abused his discretion." *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982) (citation omitted). Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary or capricious. *Kuprion v. Fitzgerald*, 888 S.W.2d 679, 684 (Ky. 1994) (citations omitted).

While "domestic violence statutes should be construed liberally in favor of protecting victims from domestic violence and preventing future acts of domestic violence[,]" *Barnett v. Wiley*, 103 S.W.3d 17, 19 (Ky. 2003), "the construction cannot be unreasonable." *Id.* (citing *Beckham v. Board of Education of Jefferson County*, 873 S.W.2d 575, 577 (Ky. 1994)). Furthermore, we give much deference to a decision by the family court, but we cannot countenance actions that are arbitrary, capricious or unreasonable. *See Kuprion*, 888 S.W.2d at 684.

*Caudill v. Caudill*, 318 S.W.3d 112, 114-15 (Ky. App. 2010) (footnote omitted).

ANALYSIS

Ammerman's first argument is this Court should vacate the DVO on the ground that Drury intends to use the DVO to obtain sole custody of W.A. in a separate proceeding.[2] Drury denies such motivation and counters on appeal that Ammerman does not cite any factual basis for this allegation other than the circumstances of the petitions being filed near in time.

---

[2] The custody petition was not made a part of the record on appeal but this Court takes judicial notice that a Petition for Sole Custody was filed by Drury in Boone Family Court on April 24, 2024, Case No. 24-CI-00581.

Based on our review of the record, including the DVO hearing on May 22, 2024, Ammerman has failed to preserve this issue for our review. Kentucky Rules of Appellate Procedure (RAP) 32(A)(4) requires appellant to cite in his brief to the specific location in the record showing how an issue on appeal was properly preserved for review by this Court. In Ammerman's brief, the opening preservation statement reads as follows:

> The issues raised herein were preserved by virtue of having been presented to the Family Court at the domestic violence hearing on May 22, 2024. Accordingly, the issues raised herein were properly preserved for review.

Ammerman's Brief at 2.

On its face, this statement does not comply with RAP 32(A)(4) as it specifically does not cite to where in the video record (VR) of the May 22 hearing the issue was properly preserved Nonetheless, we have thoroughly reviewed the video record of the hearing and Ammerman failed to raise this issue before the family court. In fact, during Ammerman's testimony, he made no reference to the custody proceeding and testified that "[t]his is a case of malice and vengefulness" that he contended occurred after she went through his cell phone. VR, May 22, 2024, 9:57:10. In other words, the issue was not presented to the family court at the hearing.

One of the most often cited rules by the Supreme Court regarding appellate review is that the Court of Appeals is without authority to review issues not raised or decided by the trial court below. *Reg'l Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). There can be no error to review by the Court of Appeals when the issue is not presented to the trial court for decision. *Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016). In *Norton Healthcare*, the Supreme Court stated:

> We have long endorsed a rule that "specific grounds not raised before the trial court, but raised for the first time on appeal will not support a favorable ruling on appeal." When a trial court never has the opportunity to rule on a legal question presented to an appellate court, an appellant presents a different case to the appellate court than the one decided by the trial court. Indeed, an appellate court is "without authority to review issues not raised in or decided by the trial court." The proper role for an appellate court is to review for error—and there can be no error when the issue has not been presented to the trial court for decision.

*Id.* at 852 (citations omitted). The preservation of error rule of course has its roots in the longstanding notion that an appellant cannot "feed one can of worms to the trial judge and another to the appellate court." *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321, 327 (Ky. 2010). Accordingly, the issue was not properly preserved and we have no authority to review the same.

Ammerman's second argument on appeal challenges the Boone Family Court's findings of fact. He argues that even with the trial court's discretion to determine the credibility of the witnesses, if the findings of the court are based on testimony alone without evidence to support allegations, they are arbitrary and an abuse of discretion. Ammerman's Brief at 3. We disagree.

As noted previously, the family court conducted an evidentiary hearing and our standard of review is set out in Kentucky Rules of Civil Procedure (CR) 52.01 as to whether the factual findings of the family court were clearly erroneous. And, we must defer to the family court as the finder of fact in judging the credibility of the witnesses. *Hohman v. Dery*, 371 S.W.3d 780, 782 (Ky. App. 2012).

Ammerman argues that the family court failed to follow applicable law because the court's oral findings at the hearing did not state that the domestic violence "may again occur." Ammerman's Brief at 4. However, a family court's duty to make findings of fact is not satisfied until they are reduced to writing. *Keifer v. Keifer*, 354 S.W.3d 123, 126 (Ky. 2011). The only two essential specific findings of fact that need to be made and reduced to writing for the entry of a DVO are: (1) an act of domestic violence or abuse occurred, and (2) an act may occur again. *Smith v. McCoy*, 635 S.W.3d 811, 817 (Ky. 2021). This can be

accomplished upon the family court completely and accurately filling out an AOC Form 275.3. *Id.*; *Willford v. Willford*, 583 S.W3d 424, 430 (Ky. App. 2019).

In this case, the family court completed an AOC Form 275.3. Therein, the court marked a box under the "Additional Findings" section stating that an act of domestic violence or abuse occurred and may occur again, and made supplemental findings that have previously been discussed. *See, e.g., Pettingill v. Pettingill*, 480 S.W.3d 920, 925 (Ky. 2015). Thus, the written findings of the family court for the DVO sufficiently satisfied CR 52.01.

At the evidentiary hearing, the parties gave conflicting testimony. The family court found that Drury's testimony was more credible that Ammerman. Upon consideration of the entirety of the evidence presented, including Drury's testimony, the family court concluded that domestic violence had occurred and may occur again. Based on our review of the record, we cannot conclude that the family court's findings were clearly erroneous or that the court otherwise abused its discretion in granting the DVO. We are again mindful that the family court is in the best position to judge the credibility of the witnesses. *Hohman*, 371 S.W.3d at 782.

CONCLUSION

For the foregoing reasons, we affirm the May 22, 2024, Domestic Violence Order entered by the Boone Family Court.

ALL CONCUR.


BRIEF FOR APPELLANT:           BRIEF FOR APPELLEE:

Brandy K. Lawrence Barrett      Emily Costin
Covington, Kentucky             Florence, Kentucky