RENDERED: DECEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1370-MR

CHARLI TAMIKA SPARKS                          APPELLANT


|  | APPEAL FROM WOLFE FAMILY COURT |
|---|---|
| v. | HONORABLE DAVID FLATT, SPECIAL JUDGE |
|  | ACTION NO. 23-CI-00100 |


GARETH JOHN SPARKS                             APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ECKERLE, A. JONES, AND TAYLOR, JUDGES.

ECKERLE, JUDGE: Appellant, Charli Tamika Sparks ("Wife"), seeks review of an October 10, 2024, Findings of Fact, Conclusions of Law, and Decree of Dissolution of the Wolfe Family Court to the extent it resolved a custody dispute with her former husband, Appellee, Gareth John Sparks ("Husband"), regarding their minor son, A.B.S. ("Child"). Upon review, we vacate and remand.

Child was born in December 2020, during the marriage, but Husband and Wife separated almost three years later, on or about September 2, 2023. Wife filed a petition for divorce in Wolfe Family Court on October 6, 2023, alleging that their marriage was irretrievably broken; and Husband, in his answer, agreed. Since then, Husband and Wife have exercised joint custody and roughly equal timesharing of Child. However, months after filing her petition, Wife asked the Family Court to grant her sole custody of Child and to give Husband as little timesharing with him as possible, making many disturbing allegations on a number of topics.

On August 20, 2024, the Family Court held an evidentiary hearing, part of which focused upon whether a preponderance of evidence rebutted the statutory presumption that joint custody and equal parenting time was in Child's best interest. *See* Kentucky Revised Statute ("KRS") 403.270(2). The Family Court's subsequent final order, to the extent it addressed that point, provided as follows:

> 8. The parties have shared the joint care, custody and control of the minor child since separation. . . .
>
> 9. Petitioner is now requesting that she be granted sole custody of the minor child and that the child spend "as little time as possible" with the Respondent. Petitioner stated that she has concerns over alleged alcohol abuse by the Respondent, alleged he did nothing but drink in his off-work times, and alleged a lack of direct interactions with the child. Petitioner claimed that the

child exhibited behavioral changes that are inappropriate, and felt those were the fault of the Respondent. Petitioner's parents testified that Respondent had spent very little time with the minor child during infancy and toddler years, as they kept him often overnight due to Petitioner working night shifts while at the prison, later, worked away as a travel nurse.

10. Respondent seeks joint custody, with equal timesharing, with at least full weekends every other weekend. Respondent testified that he did not drink alcohol when in the caregiving role of his child, has never driven with his child after drinking, has never had a DUI, an AI, has maintained a job with the state of 17 years with no write ups, and essentially disputed as false, the allegations the Petitioner had made with regard to his alcohol use. He further stated that he had significant interactions with the minor child while the parties were together, and continues to have significant interaction with him now during his timesharing. He testified that while he did allow the child to sleep at Petitioner's mother[']s when he was a baby, due to health concerns with him being premature, that he would go and eat dinner with the Petitioner's parent, and would visit with the child before bedtime, and would take the child to the sitter in the mornings. Respondent testified that he had seen behavioral changes with the child, such as more references to his "P Bird", particularly after going through potty training.

. . .

3. The Court finds that it is in the best interest of the minor child to be in the joint care[,] custody and control of the parties, with equal timesharing between the parties.

. . .

8. Neither party shall allow the minor child to be transported by someone who has been drinking.

-3-

(Record on Appeal, 97-102.)

On appeal, Wife primarily[1] argues that these findings were legally insufficient. We agree. Kentucky Rule of Civil Procedure ("CR") 52.01 provides the general framework for both the Family Court's decision-making process and our standard of review:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment . . . . Findings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

*See also Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008) (citation omitted) ("When an appellate court reviews the decision in a child custody case, the test is whether the findings of the trial judge were clearly erroneous or that he abused his discretion.").

Relative to the issues of Child's custody and timesharing, the Family Court's final order did nothing more than (1) summarize the parties' arguments and evidence; and (2) state that joint custody and equal timesharing was in Child's best interests. However, merely transcribing the evidence does not constitute fact-finding as it does not indicate the Family Court's credibility determinations. Here,

---

[1] Wife also argues that the Family Court abdicated its decision-making function by adopting the findings of fact and conclusions of law tendered by Husband. Considering our disposition, that issue is moot, although we note that it is likely a source of the problem we find here on appeal.

we do not know whether the Family Court disbelieved Wife's evidence, or whether it awarded joint custody and equal timesharing despite believing it. Further, a statement that a given custody arrangement is in a child's "best interests" is also not a finding of fact; it is a legal conclusion that must be *supported* by findings of fact. *See Anderson v. Johnson*, 350 S.W.3d 453, 458-59 (Ky. 2011). Some analysis is required here by the Trial Court.

Furthermore, KRS 403.270(2) sets forth eleven factors that a Family Court must consider when deciding the best interests of a child in custody matters. It is insufficient simply to state in an order, with no elaboration, that those factors have been considered. *See*, *e.g.*, *Hicks v. Halsey*, 402 S.W.3d 79 (Ky. App. 2013). Here, the Family Court's order did not even go that far, failing to discuss any of those factors or even cite KRS 403.270. The Family Court only provided a bare-bones recital of the final outcome. This error requires us to remand for appropriate findings – even though Wife failed to remind the Family Court of the lack of specific findings post-judgment. *See Anderson*, 350 S.W.3d at 458. As our Supreme Court has stated,

> [T]he final order of [a family] court, especially in family law cases, often serves as more than a vehicle for appellate review. It often becomes a necessary reference for the parents and third parties, such as school officials, medical providers, or other government agencies with responsibilities requiring knowledge of the facts determined by the [family] court.

*Keifer v. Keifer*, 354 S.W.3d 123, 126 (Ky. 2011). "A bare-bone, conclusory order . . . setting forth nothing but the final outcome, is inadequate and will enjoy no presumption of validity on appeal." *Id.* Orders such as this one render it impossible for this Court to determine whether the proper law and the requirements of CR 52.01 were followed, and thus they cannot stand.

For the reasons stated above, we vacate the Wolfe Family Court's October 10, 2024, Findings of Fact, Conclusions of Law, and Decree of Dissolution to the extent it resolved custody and timesharing of Child; and we remand the case back to the Family Court for it to make specific findings of fact and separate conclusions of law. The ultimate conclusion may be the same, or it may be different, as the evidence appears to provide ample support for an award of sole or for joint custody. But those findings and conclusions must be supported by credibility determinations, critical discussion of the evidence, and analysis. To be clear, there is enough evidence for the Family Court to have issued a proper ruling in favor of either side, but there is insufficient determination of the facts relied upon for that ruling, as well as application of the law to those facts. We realize the heavy caseloads and burdens of the Family Court, and all Courts for that matter, but the time must be taken to elaborate the reasons for decisions – for the parties, the community, and the Courts of Appeal.

ALL CONCUR.


BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Jason Rapp                    Julie S. Williamson
Lexington, Kentucky           Owingsville, Kentucky